STATE ex rel. William M. BARVICK, Public Counsel for the State of Missouri, Appellant,

v.

PUBLIC SERVICE COMMISSION of the State of Missouri, Respondent.

No. WD 31072.

Missouri Court of Appeals, Western District.

Oct. 1, 1980.

William M. Barvick, Jefferson City, for appellant.

Paul W. Phillips, Gen. Counsel, Jefferson City, for respondent.

Before WASSERSTROM, C. J., Presiding, and PRITCHARD and KENNEDY, JJ.

PRITCHARD, Judge.

On June 16, 1978, the Kansas City Power & Light Company [KCP&L] filed an application with PSC to pass through to its retail electric customers additional costs which were arrived at by use of an existing fuel adjustment clause [FAC]. The amount sought to be charged to customers over a two–month period, as per an amended application, was an offset between net coal and natural gas refunds to KCP&L, and added costs of coal from the Arch Mineral Corporation. The amounts, which are gleaned from the application, are summarized as follows:

1. Coal

| | | |
|---|---|---|
| a) Arch Mineral Corp. Credit Memos: | | $ 20,746.79 |
| b) Pittsburg & Midway Credit Memos: | | 108,599.57 |
| c) Peabody Coal Credit Memos: | | 168,494.26 |
| d) Total Coal Credits | | $297,840.62 |
| e) K.C.So.R.R. Credit | | 23,471.26 |
| f) Total Credits | | $321,311.85 |
| g) Added Freight Costs | | 68,189.48 |
| h) Net Coal refunds/credits: | | $253,122.37 |

2. Natural Gas

| | | |
|---|---|---|
| a) 1978 refund to be refunded: | | $ 55,475.85 |
| b) Costs of obtaining refund: | | 1,107.66 |
| | | $ 54,368.19 |
| c) Misc. refunds | | 512.41 |
| d) 1975 refunds | | 7,448.42 |
| e) Net Natural Gas refunds | | $ 62,329.02 |

| | | |
|---|---|---|
| 3. Total to be refunded: | | $315,451.39 |
| 4. Added costs of coal (Arch Mineral): | | 496,505.67 |
| 5. Net under-accrual: | | $181,054.28 |

Appellant, public counsel, was provided copies of KCP&L's application and the amendment thereto, which were forwarded by mail to him on September 21, 1978, and authorized the $181,054.28 pass through additional charges to its customers on September 25, 1978, effective October 3, 1978. The order was made without a hearing upon the applications being accorded public counsel.

Public counsel filed an application for "rehearing" (§ 386.500 RSMo 1978) upon PSC's order on September 29, 1978, alleging two grounds: (1) The order was null and void because it was issued without providing the Public Counsel and other interested parties an opportunity to be heard; KCP&L never filed tariffs incorporating the proposed rate increase and PSC cannot increase rates; therefore, without holding a hearing to determine the reasonableness of the KCP&L request [although it was conceded "there is some authority to support the position that the only way in which a utility can increase its rates is after Commission action or inaction on a filed tariff" (i. e., the "file and suspend" method, § 393.140(11), RSMo 1978)]; and (2) that the order of the Commission is null, void, unlawful, unjust, and unreasonable because it constitutes unlawful retroactive ratemaking.

The trial court's order upon writ of review was made on May 31, 1979, which was before the Supreme Court handed down its decision on June 29, 1979, in *State ex rel. Util. Consumers Council, etc. v. P. S. C.*, 585 S.W.2d 41 (Mo. banc 1979). Nevertheless, this court is bound by that decision as it was handed down prior to the decision in this case. *Aronson v. Hercules Life Ins. Co.*, 131 S.W.2d 852, 857[5–7] (Mo.App. 1939); *State ex rel. Bd. of Pub. Utilities v.*

*Crow,* 592 S.W.2d 285, 288[2–3] (Mo.App. 1979). The *Consumers Council* case controls the disposition of that portion of the appeal dealing with the application of a pre–existing FAC to the requested pass through of increased fuel costs by KCP&L to its customers.

The *Consumers Council* case had under consideration the fuel adjustment clause. At page 45, the FAC was described: "Basically, the 1974 fuel adjustment formula authorized by the commission permitted the utility to file an FAC as part of its tariff schedule. The FAC permitted the company to determine its actual fuel cost and actual sales in any given month. Any change in fuel cost was converted into a change in cost per kilowatt–hour of power sold by applying a formula which arrived at the average number of BTU's of heat necessary to generate one kilowatt–hour of electricity. Certain technical adjustments were made, and a figure equal to the fuel adjustment charge (i. e., the increased or decreased cost of fuel over the base fuel cost) was determined. * * * Because of the 60–120 day lagtime (each utility's lag varied depending on its practices), required to gather the figures necessary to compute the FAC charge, and the notice requirement [in 1974, PSC required 30 days notice to it, which was eliminated in 1976], changes in fuel costs, in, for example, October were added to the bills for December 16 to January 15 meter readings." (Brackets added.) The Supreme Court held that the use of the FAC was improper because it caused an abdication by PSC of its power to set just and reasonable rates, and there was no statutory authority for that method.

Public counsel argues that this court should order a refund of the "net under accrued" charge of $181,055 collected pursuant to the PSC's order. That argument is answered by the fact the fuel costs were recovered by KCP&L from its customers prior to 1978 under rates established by PSC. Those fuel costs were subject to adjustment by application of the FAC, which was also an established method approved by PSC, although declared to be improper in the *Consumers Council* case. The court in *State ex rel. Laundry, Inc. v. PSC,* 34 S.W.2d 37, 46 (Mo.1931), addressed the question of complainant's entitlement to a refund of rates charged for water in excess of manufacturer's rates. The court held that PSC must determine whether complainants were entitled to a refund saying, "The pecuniary relief so prayed by complainants calls for the exercise of a judicial function, by the entry of a judgment or order for the recovery of money, which function is exclusively exercisable only by the judicial branch or department of our state government. The Public Service Commission is an administrative body only, and not a court, and hence the commission has no power to exercise or perform a judicial function, or to promulgate an order requiring a pecuniary reparation or refund. (Citing cases)." Other cases touch upon theories where customers have sought damages or refunds, and none have succeeded. In *Straube v. Bowling Green Gas Co.,* 227 S.W.2d 666, 671[6, 7] (Mo.1950), the court said, "The money legally and properly collected from appellants under the established rate schedules became and was the property of respondent * * * of which it cannot be deprived by either legislative or judicial action without violating the due process provisions of the state and federal constitutions. * * * [T]here was no basis in law or equity for appellants to claim [under an unjust enrichment theory] either of the mentioned funds." [Brackets added.] See also *American Petroleum Exchange v. PSC,* 172 S.W.2d 952, 955 (Mo.1943); *Lightfoot, et al. v. City of Springfield,* 236 S.W.2d 348, 353 (Mo.1951); and *May Department Stores Co. v. Union Electric L. & P. Co.,* 107 S.W.2d 41, 58[23] (Mo.1937), which held that a customer (suing the utility directly in equity) may recover only amounts charged in excess of established rates. And note again the *Consumers Council* case, supra, page 58, where the court not only refused to direct PSC to determine what a reasonable rate would have been under a just and reasonable rate, without FAC, because that would have been retroactive rate–making, but refused to order a refund of excess

amounts collected would have been confiscatory. It follows that a refund to customers of the charged and collected $181,054.28 "net under accrued", supra, may not be ordered, nor may a refund to customers be ordered of certain gas refunds withheld by KCP&L (not included in the above computation), *if* either were collected under the FAC.

There was no hearing on KCP&L's application. All that was before the PSC was its verified application. No evidence was adduced thereon to substantiate the accounting or the source of the submitted figures. The *Consumers Council* case, supra, while leaving amounts collected under FAC undisturbed, did remand the case to determine amounts of a surcharge, imposed after PSC's authorized FAC expired, which surcharge was held illegal. Whether surcharges were included in KCP&L's application, is a matter to be investigated, along with the accuracy of its accounting and computation, and Public Counsel is entitled to be present and participate in any hearing for those purposes.

As to that part denying refunds which may have accrued by reason of the FAC, the judgment is affirmed. The case is remanded to the trial court with directions that it order PSC to conduct further hearings, with public counsel present and participating, to determine the source of figures encompassed within KCP&L's application, and the accuracy thereof.

All concur.