STATE EX REL. OFFICE OF
PUBLIC COUNSEL,
Relator,

v.

PUBLIC SERVICE COMMISSION OF
the STATE OF MISSOURI, et al.,
Respondents.

No. SC 89176.

Supreme Court of Missouri,
En Banc.

Oct. 14, 2008.

Lewis R. Mills, Jr., Michael F. Dandino, Christina Baker, Office of Public Counsel, Jefferson City, MO, for Relator.

Kevin A. Thompson, Dennis Frey, Jennifer Heintz, Peggy A. Whipple, Missouri Public Service Commission, Diana C. Carter, James C. Swearengen, Dean L. Cooper, Russell L. Mitten, Janet Wheeler, Brydon, Swearengen & England P.C., James M. Fischer, Jeremiah W. (Jay) Nixon, Attorney General, Shelley A. Woods, Assistant Attorney General, Jefferson, City, MO, Curtis D. Blanc, William G. Riggins, Kansas City, MO, for Respondents.

David Woodsmall, Jefferson City, MO, Stuart Conrad, Kansas City, MO, for Amicus Curiae.

PER CURIAM.

This proceeding is the second action filed by the public counsel to contest a rate increase sought by the Empire District Electric Company. As with the first action, the public service commission again is directed to vacate its order.

## Facts

The public service commission first purported to approve an increase for Empire Electric on December 29, 2006, to be effective January 1, 2007. The public counsel sought a writ of mandamus. This Court noted that the law specifies 30 days for applying for rehearing but allows the commission the discretion to set a shorter time as long as the time is reasonable. The Court concluded that by issuing the December 29 order with an effective date of January 1, 2007, the commission abused its discretion to provide public counsel with a reasonable period of time in which to appeal the order. The Court ordered the commission "to vacate its order granting expedited treatment and approving tariffs issued on December 29, 2006, and allow public counsel reasonable time to prepare and file an application for rehearing on the tariffs." *Public Counsel v. Public Service Com'n,* 236 S.W.3d 632, 637 (Mo. banc 2007).

In response, the commission entered an order on December 4, 2007, stating that it vacated its previous order of December 29, 2006, but also again approving the tariffs it previously approved in its December 29, 2006, order. The commission also declared that "if Empire charged the rates as approved in the December 29, 2007, [sic] order, it charged the correct rates. And further, those rates remain 'in effect at the time' until the order is vacated."

## Discussion

■ The parties essentially agree that the disposition of the moneys collected by Empire during the pendency of this action is not an issue for this Court at this time. All that is disputed is whether the commission, in fact, vacated its December 2006 order as directed by this Court. The commission did not.

■ The general rule is that when an order or judgment is vacated, the previously existing status is restored and the situation is the same as though the order or judgment had never been made. The matters in controversy are left open for future determination. *Buchanan v. Cabiness,* 362 Mo. 985, 245 S.W.2d 868, 873 (1951). In this case, the commission sought to do more than restore the existing status but also to determine the effect on those moneys collected under the tariffs the commission had previously approved. Such action exceeds this Court's mandate.

The Court makes the alternative writ of mandamus issued in this case permanent. The commission is directed to comply completely with this Court's previous mandate and opinion. The Court takes no position on the effect such action has on any tariffs the commission has approved.

STITH, C.J., PRICE, TEITELMAN, RUSSELL, WOLFF and BRECKENRIDGE, JJ., concur.