**OFFICE OF the PUBLIC COUNSEL, Plaintiff–Appellant,**

v.

**The EMPIRE DISTRICT ELECTRIC COMPANY, Defendant–Respondent,**

and

**Missouri Public Service Commission, Intervenor/Defendant–Respondent.**

No. SD 30123.

Missouri Court of Appeals,
Southern District,
Division Two.

March 31, 2010.

Lewis R. Mills, Jr., Jefferson City, for Appellant.

James C. Swearengen, Diana C. Carter, Jefferson City, for Respondent The Empire District Electric Company.

Jennifer L. Heintz (No brief filed.), Jefferson City, for Respondent Missouri Public Service Commission.

NANCY STEFFEN RAHMEYER, Judge.

The Office of the Public Counsel ("Public Counsel") brought suit in the Jasper County Circuit Court on behalf of customers of The Empire District Electric Company ("Empire") claiming amounts charged by Empire were in excess of its lawfully-approved rates. The Missouri Public Service Commission ("the Commission") intervened. The court held that Public Counsel did not have the statutory authority to bring the action and dismissed the suit. The present appeal involves the legal issue of whether Public Counsel has the authority to maintain such a suit in a court of general jurisdiction. We find that it does not and affirm the judgment of the trial court.

The powers of Public Counsel are set forth in section 386.710.[1] That section provides in pertinent part:

1. The public counsel shall have the following powers and duties:

. . . .

(2) He may represent and protect the interests of the public in any proceeding before or appeal from the public service commission;

(3) He shall have discretion to represent or refrain from representing the public in any proceeding. He shall consider in exercising his discretion the importance and the extent of the public interest involved and whether that interest would be adequately represented without the action of his office. If the public counsel determines that there are conflicting public interests involved in a particular matter, he may choose to represent one such interest based upon the considerations of this section, to represent no interest in that matter, or to represent one interest and certify to the

___

1. All references to statutes are to RSMo 2000, unless otherwise specified.

director of the department of economic development that there is a significant public interest which he cannot represent without creating a conflict of interest and which will not be protected by any party to the proceeding. The director of the department shall select an attorney, to be paid from funds appropriated for this purpose, to represent that segment of the public certified to him by the public counsel as unrepresented. Nothing in this section shall be construed to limit the right of any person, firm or corporation specified in subsection 1 of section 386.390 to petition or make complaint to the commission or otherwise intervene in proceedings or other matters before the commission. Section 386.710.

Public Counsel claims that from January 1, 2007, until December 13, 2007, Empire charged customers for electric service in excess of the lawfully-approved rates. It argues that it is the public representative in utility matters and, as such, its role was designated as an expansive one by the legislature. Public Counsel also argues that it is simply fulfilling its obligation to represent the interest of its client, the public, and more "specifically the segment of the public affected by the actions of the Commission and Empire." Empire counters that Public Counsel does represent the public, but only in proceedings before or appealed from the Commission. The issue before this Court is whether subsections (2) and (3) imply the power to bring a suit in a court of general jurisdiction rather than before the Commission. We find it does not.

First, we note the semicolon between subsection (2) and (3); as such, a fair reading of sections (2) and (3) together indicates that the sections parallel each other as to the powers and duties of Public Counsel. In drawing our conclusion

that section 386.710 does not authorize Public Counsel to bring this suit on behalf of customers in the Jasper County Circuit Court, we are persuaded that the plain language of section 386.710.1(2) allows Public Counsel to represent and protect the interest of the public "in any proceeding before or appeal from the public service commission." In this case, the proceeding is not before the Commission. Although the Commission is peripherally involved, in that Public Counsel is claiming that Empire overcharged its customers in violation of a tariff, the only avenue for *Public Counsel's* claim runs through the Commission by way of a written complaint and proceedings before or appealed from the Commission.

Public Counsel claims that the Commission is not protecting the consumers because it had to bring two writs to the Missouri Supreme Court to force the Commission to "undo its unlawful actions." Public Counsel also claims that an action cannot be brought originally to the Commission because it cannot order any refunds. While it is true that the Commission lacks the authority to refund money absent segregated funds in the county registry, ratepayers may have an opportunity ultimately to be made whole. *See State ex rel. City of Joplin v. Pub. Serv. Com'n,* 186 S.W.3d 290, 295 (Mo.App. W.D.2005) (finding that although the court could not order a refund absent segregated funds, ratepayers could potentially be made whole by initiating an action to recover excess fees if the fees were found unlawful in further proceedings on remand).

Section 386.390.1 allows Public Counsel to make a complaint of any action of the Commission,

in writing, setting forth any act or thing done or omitted to be done by any corporation, person or public utility, including any rule, regulation or charge here-

tofore established or fixed by or for any corporation, person or public utility, in violation, or claimed to be in violation, of any provision of law, or of any rule or order or decision of the commission[.] Section 386.390.1. We are persuaded by the rationale of the Western District of this Court when confronted with a plea to allow an expansion of power from that set forth in the statute:

> [W]e cannot conclude that the Commission's involvement in the petition is necessary in order for it to protect ratepayers. Regardless, the "powers necessary or proper" clause in section 386.040 enables the Commission to carry out the functions specifically delegated to it by the legislature. It is not a license to engage in any conceivable activity for the protection of ratepayers. No matter how noble the cause, we must administer the law as it is, not as the Commission wishes it to be.

*Missouri Public Service Com'n v. Oneok, Inc.*, —— S.W.3d ——, —— (Mo.App. W.D. 2009).

Likewise, from a public policy standpoint, it may be that Public Counsel is the appropriate public body to represent consumers in such a case; however, that does not change the plain meaning of the statute. We can find no authority in section 386.710, or elsewhere, to allow Public Counsel to bring a civil action against Empire for refunds on behalf of all customers of Empire for excessive utility charges; therefore, the judgment is affirmed.

SCOTT, C.J., LYNCH, P.J., concur.