**Karen J. BROOKS, Clark Harris, and Dianne Slater, Petitioners/Plaintiffs–Appellants,**

**v.**

**The EMPIRE DISTRICT ELECTRIC COMPANY, Respondent/Defendant–Respondent.**

**No. SD 32177.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 18, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 10, 2013.

Application for Transfer Denied Oct. 1, 2013.

C. Edward Peterson, Stuart W. Conrad, William J. Fleischaker, for Appellants.

Diana C. Carter, for Respondent.

DON E. BURRELL, J.

Karen J. Brooks, Clark Harris, and Dianne Slater ("Plaintiffs"), "as members of a class of customers of [t]he Empire District Electric Company" ("Empire"), filed a lawsuit in circuit court seeking money damages from Empire on a claim that Empire had charged and retained from them payments for electric service "in excess of [Empire's] lawful and authorized tariff rates[.]" [1] In a judgment entered June 29, 2012, the trial court dismissed Plaintiff's petition with prejudice.

Plaintiffs assert five points of alleged error: (1) the trial court erred in sustaining Empire's motion to dismiss because the trial court failed to state a basis for the dismissal; (2) the trial court wrongly concluded that Plaintiffs' petition constituted an impermissible collateral attack on the tariffs; (3) the trial court incorrectly concluded it lacked jurisdiction; (4) the trial court erred in concluding that the filed rate doctrine barred Plaintiffs' claim; and (5) the trial court wrongly concluded that Plaintiffs' petition failed to state a claim for relief.

Finding no merit in any of these contentions, we affirm the dismissal.

## Standard of Review

We review the trial court's decision to dismiss a petition *de novo*. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). "If the motion to dismiss can be sustained on any meritorious grounds, the ruling of the trial court will be affirmed." *Hall v. Podleski*, 355 S.W.3d 570, 574 (Mo. App. S.D.2011) (quoting *In re Estate of Dean v. Morris*, 963 S.W.2d 461, 464 (Mo. App. W.D.1998)). In conducting our review, we "treat the facts contained in the petition as true and construe them liberally in favor of the plaintiffs." *Atkins v. Jester*, 309 S.W.3d 418, 425 (Mo.App. S.D. 2010). "If the petition sets forth any set of facts that, if proven, would entitle the plaintiffs to relief, then the petition states a claim." *Lynch*, 260 S.W.3d at 836; *accord Jones v. Kennedy*, 108 S.W.3d 203, 206 (Mo.App. S.D.2003) (dismissal reversed "only if the facts alleged in the petition would, upon proof, entitle Appellant to relief").

## Background

In 2006, Empire filed proposed tariff sheets with the PSC "to increase Empire's existing tariffed rates for its Missouri service territory." On December 21, 2006, the PSC rejected Empire's proposed rate increases but found that Empire's previous tariffs then on file with the PSC were no longer just and reasonable. Its order authorized Empire to file new (increased) tariffs. On December 28, 2006, Empire filed revised tariff sheets, to go into effect on January 27, 2007—thirty days after filing. Empire again re-submitted revised tariff sheets along with a request for expedited treatment so the tariffs would go into effect on January 1, 2007. On December 29, 2006, the PSC approved Empire's requested rate increase.

The Office of Public Counsel ("Public Counsel") challenged the validity of the rate increase on the ground that it was not given sufficient time during which to file

1. Empire is an "[e]**lectrical corporation**" (*see* section 386.020(15)) and a "[p]**ublic utility**" (*see* section 386.020(43)) and is thereby subject to the jurisdiction and regulation of the Public Service Commission ("the PSC"). RSMo Cum.Supp.2009. Unless otherwise indicated, all other statutory references are to RSMo 2000. Plaintiffs specifically claim to represent Empire customers who "received and paid for electric service provided by Empire during the period January 1, 2007 through and including December 13, 2007" ("the class").

an application for rehearing.[2] On October 30, 2007, our supreme court issued a writ of mandamus that directed the PSC to vacate its December 29, 2006 order expediting review and approving the increased tariffs. *Public Counsel I,* 236 S.W.3d at 637. The Court specifically noted that it was "not examin[ing] the lawfulness and reasonableness of the substance of the December 29, 2006 order, but rather, whether the timing of its issuance foreclosed the possibility of rehearing." *Id.* at 635 n. 3.

On December 4th, 2007, the PSC issued an order—with an effective date of December 14, 2007—that vacated the December 29, 2006 order and re-approved the increased tariffs. This ten day delay before the new rates were to go into effect allowed Public Counsel an opportunity to file a request for rehearing. In its order, the PSC noted as follows the practical difficulties it faced in complying with the Supreme Court's mandate: "The [PSC] cannot literally turn back the clock. The facts are that almost eleven months have passed, Empire has been providing service, and Empire has been charging its customers for that service." The PSC also noted that until the December 29, 2006 order was vacated, Empire was *required* by statute to charge its customers the rates authorized by that order. *See* section 393.140(11).

Public Counsel did file a request for rehearing which challenged the PSC's December 4, 2007 order on the ground that it did not actually serve to vacate the December 29, 2006 order and thereby did not fully comply with our high court's mandate in *Public Counsel I.* The Court determined that the PSC had exceeded the Court's mandate because the PSC's December 4, 2007 order "sought to do more than restore the existing status but also to determine the effect on those moneys collected under the tariffs the commission had previously approved." *State ex rel. Office of Pub. Counsel v. Public Serv. Comm'n,* 266 S.W.3d 842, 843 (Mo. banc 2008) ("*Public Counsel II*"). In so ruling, the Court again explicitly stated that it was taking "no position on the effect such action ha[d] on any tariffs the [PSC] ha[d] approved." *Id.* On November 14, 2008, the PSC issued an order vacating its December 29, 2006 order.

As best we can discern from the incomplete record provided by Plaintiffs, the PSC reaffirmed the increased tariffs that it sought to implement through its original December 29, 2006 order. On November 20, 2008, it issued an order denying all pending applications for rehearing. Public Counsel filed a petition for review in circuit court. The circuit court affirmed the PSC's order approving the increased tariffs. On appeal, the western district of our court affirmed that ruling. *State ex rel. Praxair, Inc. v. Public Serv. Comm'n,* 328 S.W.3d 329, 347 (Mo.App. W.D.2010).

*Plaintiffs' Petition*

On December 29, 2011, Plaintiffs filed their petition for money damages in the circuit court. The petition set forth the history noted above and claimed that:

> [u]ntil the [PSC] approved Empire's new tariffs in the Second Tariff Order effective December 14, 2007, the only lawful rates that Empire could charge were the rates that were contained in earlier tariffs that were on file with the [PSC] at the time the vacated First Tariff Order was adopted. As the Supreme

2. As a result of the expedited approval, Public Counsel was left with one hour and twenty minutes in which to file an application for rehearing before the new tariffs were to go into effect. *See* section 386.500.2; *State ex rel. Office of Pub. Counsel v. Public Serv. Comm'n,* 236 S.W.3d 632, 634–35 (Mo. banc 2007) ("*Public Counsel I*").

> Court stated in its second mandamus order: "[When] an order or judgment is vacated, the previously existing status is restored and the situation is the same as though the order or judgment had never been made." [citing *Public Counsel II,* at 843.]
>
> Any amounts collected from customers between January 1, 2007 and December 13, 2007 that exceeded the level authorized by the tariffs in effect at that time were unlawful and must be refunded to the customers or credited to their Empire accounts.

(Paragraph numbers omitted.)

The petition claimed that because the Court vacated the December 29, 2006 order, Empire was legally obligated to have charged the class the rates in place prior to that order—to act as though the later-vacated order had never existed.[3]

Empire responded to the petition with its motion to dismiss. The motion asserted that Plaintiffs' petition failed to state a claim upon which relief might be granted in that the PSC had primary jurisdiction over the subject matter of utility rates, that the judicial review process set forth in section 386.510 is "exclusive and jurisdictional," that Empire had charged the class the rates that were on file and in effect during the relevant time period, and that the filed rate doctrine prevented the PSC from engaging in retroactive ratemaking or refunding. Empire argued that by requesting a refund, Plaintiffs were essentially asking the circuit court to declare that Empire should have charged the class the rates in force prior to the December 29, 2006 order despite the fact that the PSC had already declared those rates unjust and unreasonable.

After hearing argument, the trial court sustained Empire's motion to dismiss and entered its judgment dismissing Plaintiff's petition with prejudice. This appeal timely followed.

**Analysis**

*Point I*

■ Plaintiffs' first point states, *in toto:* "The circuit court erred in entering judgment sustaining [Empire]'s motion to dismiss because it failed to state a basis for the dismissal in that the motion to dismiss contained multiple bases which carry varying standards of proof and which are to be reviewed under varying standards of review." This claim may be summarily denied; there is no requirement that the trial court state the basis for its dismissal. "Where a trial court fails to state a basis for its dismissal, we presume the dismissal is based on the grounds stated in the motion to dismiss[,]" *Berkowski v. St. Louis Cnty. Bd. of Election Comm'rs,* 854 S.W.2d 819, 823 (Mo.App. E.D.1993), and "[w]e must affirm if the dismissal can be sustained on any ground supported by the motion to dismiss." *Id.* Point I fails.

*The Remaining Points*

■ For ease of analysis, we combine our discussion of Plaintiffs' remaining points, which insist in various ways that Plaintiffs' petition is merely seeking the enforcement of our supreme court's mandates in *Public Counsel I* and *Public Counsel II*. We disagree with that characterization of Plaintiffs' claim.

In *Public Counsel I*, the Court ordered the PSC to vacate its December 29, 2006

3. Public Counsel brought a similar suit against Empire to recover the allegedly excess charges paid during the January 1, 2007 to December 13, 2007 period. This court found that Public Counsel did not have the statutory authority to bring the action under section 386.710 and affirmed the trial court's dismissal of its lawsuit. *Office of Pub. Counsel v. Empire Dist. Elec. Co.,* 307 S.W.3d 220, 223 (Mo.App. S.D.2010).

order. 236 S.W.3d at 637. In *Public Counsel II*, it directed the PSC to fully comply with the mandate issued in *Public Counsel I* and vacate its December 29, 2006 order. 266 S.W.3d at 843. In both decisions, the Court limited its ruling to address only the procedure employed by the PSC to implement the increased tariffs. *Public Counsel I*, 236 S.W.3d at 635 n. 3 ("Here, the court does not examine the lawfulness and reasonableness of the substance of the December 29, 2006 order, but rather, whether the timing of its issuance foreclosed the possibility of rehearing"); *Public Counsel II*, 266 S.W.3d at 843 ("The [PSC] is directed to comply completely with this Court's previous mandate and opinion. The Court takes no position on the effect such action ha[d] on any tariffs the [PSC] has approved").

As a factual matter, the Court's mandate vacated the PSC's December 29, 2006 order approving Empire's new tariffs and granting expedited treatment. *Public Counsel I*, 236 S.W.3d at 637. However, in its earlier December 21, 2006 order—an order not explicitly impacted by the Court's mandate—the PSC found that Empire's existing rates were no longer just and reasonable. Although the PSC did not approve Empire's proposed tariffs on December 21, 2006, it authorized Empire to re-file increased tariffs, which Empire filed and the PSC sought to approve in its December 29, 2006 order.

■ Plaintiffs cite the following language from *Public Counsel II* as constituting "very clear" direction from our supreme court that Empire's customers should have been charged the previous lower rates: "The general rule is that when an order or judgment is vacated, the previously existing status is restored and the situation is the same as though the order or judgment had never been made. The matters in controversy are left open for future determination." 266 S.W.3d at 843. This reasoning simply ignores the inconvenient fact that the PSC had previously determined those prior rates to be unjust and unreasonable. And Plaintiffs failed to provide us with any authority supporting their position that the Court's mandate necessarily restored rates that the PSC—the body with the sole authority to set those rates—had determined to be insufficient. The writ issued by our high court directed the PSC to vacate its order, but it did not—and could not—compel Empire to refund charges it had already lawfully collected from its customers.[4]

■ In the alternative, Plaintiffs assert that there were no lawful rates in place for Empire to charge from January 1, 2007 through December 13, 2007 except the rates Empire had previously charged. We disagree.

■ It is a "thoroughly settled rule that the legal rate is the *filed* rate, and it is the duty of the carrier to charge and collect the rate precisely as same is contained in the tariffs on file with the [regulatory agency]." *Mobile & O.R. Co. v. Southern Sawmill Co.*, 212 Mo.App. 117, 251 S.W. 434, 436 (1923). The tariffs submitted by Empire and approved by and on file with the PSC were *prima facie* lawful "until found otherwise by the ultimate ruling of a court at the conclusion of the appeal process." *State ex rel. GTE North, Inc. v. Missouri Pub. Serv. Comm'n*, 835 S.W.2d 356, 367–68 (Mo.App. W.D.1992); section 386.270. If Public Counsel had initially

4. "Mandamus may not be used to establish a legal right; it may only be used to compel performance of a right that already exists." *Lemay Fire Prot. Dist. v. St. Louis Cnty.*, 340 S.W.3d 292, 295 (Mo.App. E.D.2011). The Court issued the writ at issue to compel the PSC to provide "public counsel's statutorily guaranteed right to apply for rehearing[.]" *Public Counsel I*, 236 S.W.3d at 635.

been allowed a reasonable time to file an application for rehearing pursuant to section 386.500.1, the higher rates approved by the PSC's December 29, 2006 order would still have been enforced throughout the pendency of the administrative appeal. Section 386.500.3. Therefore, pending the ultimate outcome of Public Counsel's appeal, the higher rates were the lawful rates, and Empire was *required* by statute to charge those rates approved by the PSC in its December 29, 2006 order. *See* section 393.140(11).

No matter how Plaintiffs choose to frame their argument, their claim necessarily amounts to an attack on the rate set by the PSC. By requesting a refund, Plaintiffs were seeking to have the circuit court determine what rates the class should have been charged between January 1, 2007 and December 13, 2007.[5] This is a determination that the circuit court simply has no authority to make. *GTE North, Inc.*, 835 S.W.2d at 367–68.

> The [PSC] fixes rates prospectively and not retroactively. Our courts do not fix rates. Our courts may only review, and affirm or set aside or reverse and remand the [PSC]'s rate-fixing orders. Our courts cannot make the [PSC] do retroactively and our courts cannot retroactively do that which the [PSC], or other rate-making body, only does prospectively.

*Lightfoot v. City of Springfield*, 361 Mo. 659, 236 S.W.2d 348, 353 (1951). "[T]o direct the [PSC] to determine what a reasonable rate would have been and to require a credit or refund of any amount collected in excess of this amount would be retroactive ratemaking." *State ex rel. Utility Consumers' Council of Mo. Inc. v. Public Serv. Comm'n*, 585 S.W.2d 41, 58 (Mo. banc 1979). Such retroactive ratemaking "is directly contrary to the filed rate doctrine, which 'prohibits a party from recovering damages measured by comparing the filed rate and the rate that might have been approved absent the conduct in issue.'" *Crumley v. Time Warner Cable, Inc.*, 556 F.3d 879, 881 (8th Cir. 2009) (quoting *Firstcom, Inc. v. Qwest Corp.*, 555 F.3d 669, 679 (8th Cir.2009)); *Bauer v. Southwestern Bell Tel. Co.*, 958 S.W.2d 568, 570 (Mo.App. E.D.1997).

Plaintiffs argue that the filed rate doctrine is inapplicable because it applies only to "lawfully approved rates"; however, as explained above, rates are *prima facie* lawful until found otherwise upon the conclusion of the appeal process. "When the established rate of a utility has been followed, the amount so collected becomes the property of the utility, of which it cannot be deprived by either legislative or judicial action without violating the due process provisions of the state and federal constitutions." *Straube v. Bowling Green Gas Co.*, 360 Mo. 132, 227 S.W.2d 666, 671 (1950); *see also State ex rel. City of Joplin v. Public Serv. Comm'n*, 186 S.W.3d 290, 295 (Mo.App. W.D.2005) ("[S]uperseded tariffs cannot be corrected retroactively[.]").

Here, Empire never charged—and the class never paid—more than the rate on file and approved by the PSC. As a result, Empire lawfully came into possession of the disputed funds, and Plaintiffs had no right to obtain any monetary relief. *See City of Joplin*, 186 S.W.3d at 295.

As outlined in Empire's motion to dismiss, Plaintiffs failed to state a claim upon

5. *See May Dep't Stores Co. v. Union Elec. Light & Power Co.*, 341 Mo. 299, 107 S.W.2d 41, 58 (1937) ("If a public utility has collected more from any one than the full amount of the rate established by the [PSC] for the service rendered, such customer may recover the excess by appropriate action in the courts *upon proof of a lawfully established rate applicable to such service* and proof that more has been collected") (emphasis added).

which relief could be granted because the trial court lacked the authority to determine the rates Empire *should* have charged from the period of January 1, 2007 through December 13, 2007 (a function reserved solely for the PSC); and retroactive ratemaking is prohibited by the filed rate doctrine. *See State ex rel. Barvick v. Public Serv. Comm'n,* 606 S.W.2d 474, 476 (Mo.App. W.D.1980) (citing numerous cases where utility customers have sought refunds and noting that "none have succeeded").

Because the factual averments of Plaintiffs' petition, if proven, would not have entitled them to relief, the trial court properly sustained Empire's motion to dismiss. *See Jones,* 108 S.W.3d at 206; *Lynch,* 260 S.W.3d at 836. The judgment of dismissal is affirmed.

NANCY STEFFEN RAHMEYER and MARY W. SHEFFIELD, JJ., concur.