SHERRI B. SULLIVAN, P.J.
Introduction
John Agnew and Mary Emke (Appellants) appeal from the trial court's January 29, 2018 Order and Judgment (judgment) granting the respective Motions to Dismiss (motions to dismiss) of Missouri-American Water Company (MAWC) and Missouri Public Service Commission (PSC) and dismissing Appellants' Amended Class Action Petition. We affirm.
I. Factual and Procedural Background
In 2003, the General Assembly passed legislation that permitted water corporations, as defined in Section 393.1000,[1] serving counties with more than one million inhabitants, Section 393.1003, to establish an infrastructure system replacement surcharge (ISRS) to recover costs associated with eligible system replacement projects by applying to the PSC for the implementation of the surcharge. Sections 393.1003.1, 393.1006. Those statutes provide a method, outside of a formal rate case, for a water corporation to recover the cost of certain government-mandated infrastructure system replacement projects via a petition to establish or change an ISRS. The PSC may hold a hearing on the petition and any associated rate schedules, and shall issue an order to become effective not later than 120 days after the petition is filed. Section 393.1006(3) ("Documentation to be submitted--notice to be *656 published--examination of proposal--authorization of commission, when--pretax revenues, factors to be considered--revised rate schedule, filed when--rulemaking authority").
After the PSC's initial approval of an ISRS, the water corporation can file for permission to make periodic adjustments to the ISRS to update the amount of the surcharge being collected. Section 393.1006.5(2).
MAWC is a water corporation subject to the jurisdiction and supervision of the PSC. MAWC serves St. Louis County. St. Louis County's population fell to under one million inhabitants in the 2010 decennial census. The ISRSs being challenged in the case sub judice were approved by orders of the PSC in 2011, 2012, 2013, 2014, and 2015. Appellants did not challenge the ISRS amounts in any of the respective years they were filed, considered, approved, or approved as adjusted by the PSC, and implemented by incorporation into the MAWC's general rate base.
The Office of Public Counsel (OPC) represents and protects the interests of the public in any proceeding before or appeal from the PSC. The OPC is served with all proposed tariffs, initial pleadings, and applications in all proceedings before the PSC, as well as a copy of all orders of the PSC. The OPC by motion challenged the PSC's decision approving the 2015 ISRS because, among other reasons not pertinent to the instant appeal, the OPC alleged St. Louis County did not meet the one-million population requirement established for application of the ISRS statutes as of the effective date of the results of the 2010 U.S. Census. The PSC denied the OPC's challenge and found in favor of MAWC. The OPC filed an application for rehearing with the PSC, which was denied.
After the PSC denied its application for rehearing, the OPC appealed to the Missouri Court of Appeals, Western District. On appeal from the denial of its application for rehearing at the PSC, the OPC contended that, as of the effective date of the 2010 U.S. Census results, St. Louis County did not meet the population requirements established for application of the ISRS statutes. As such, the OPC maintained the PSC lacked authority to grant the ISRS relief that MAWC requested in 2015.
The Western District found in favor of the OPC and reversed the PSC's order, finding a county whose population had fallen below one million was not subject to increase in its ISRS. Matter of Missouri-American Water Co., 2016 WL 873409 (Mo. App. W.D. March 8, 2016) (vacated by Matter of Missouri-American Water Co., 516 S.W.3d 823 (Mo. banc 2017) ). However, the Western District's opinion was vacated when the Missouri Supreme Court took transfer of the case and held the issue of whether MAWC could charge the 2015 ISRS in light of reduction in population of its customers' county to fewer than one million inhabitants was rendered moot once the ISRS was incorporated into MAWC's general rate base during the pendency of appeal before the Court. Matter of Missouri-American Water Co., 516 S.W.3d at 823.
After the Western District opinion was issued but prior to the transfer of the case to the Supreme Court, Appellants filed the instant case in the trial court as a class action against MAWC, seeking reimbursement of all the purported overpayments MAWC customers in St. Louis County paid in 2011, 2012, 2013, 2014, and 2015 for the ISRSs which, applying the Western District's reasoning and holding with regard to the 2015 ISRS, would have rendered invalid those ISRSs as well. The PSC moved to intervene in the case and Appellants filed an amended class action petition adding the PSC as a defendant.
*657 The petition seeks damages in the form of overpaid ISRS payments from consumers under six theories, each set forth in a separate count: Count I - Violation of Sections 393.1003 and 393.130; Count II - Unjust Enrichment; Count III - Money Had and Received; Count IV - Violation of the Missouri Merchandising Practices Act (MMPA); Count V - Declaratory Judgment, against MAWC and the PSC; and Count VI - Injunctive Relief.
Appellants' Amended Class Action Petition Allegations
In their amended class action petition, Appellants allege the following: State law authorizes the PSC to approve a water ISRS application in counties with a charter form of government and more than one million inhabitants. Section 393.1003.1. However, St. Louis County did not have a population of at least one million inhabitants at any time relevant to this case. In 2011, MAWC petitioned the PSC for authority to collect an ISRS from St. Louis County customers. In its ISRS petition, MAWC made the representation that "St. Louis County, Missouri has a charter form of government and is inhabited by more than one million people," with that representation sworn via affidavit by MAWC's then-President. The PSC approved MAWC's petition and authorized the ISRS. In its Order authorizing the ISRS, the PSC cited only to MAWC's petition for the proposition that St. Louis County was "a charter county with a population of more than one million." The tariff became effective October 16, 2011, pursuant to which MAWC collected ISRS charges from customers in St. Louis County, Missouri. The petition alleges essentially the same scenario for years 2012 through 2015.
Appellants asserted that, according to the 2010 decennial census, St. Louis County possessed 998,954 inhabitants. They maintained MAWC is the only water service provider in St. Louis County, Missouri, other than the City of Eureka's municipal system, leaving Appellants dependent on MAWC for service with no alternative service provider available. They state Appellants could not refuse to pay the ISRS because water service to buildings intended for human occupancy is required by St. Louis County ordinance and, further, because MAWC could discontinue water service to customers who fail to pay its charges in full. Appellants assert at all times relevant to this case, they paid the ISRS billed to them by MAWC and received service from MAWC.
Seeking reimbursement for these past charges, Appellants asserted Counts I through VI: Count I - Violation of Sections 393.1003 and 393.130; Count II - Unjust Enrichment; Count III - Money Had and Received; Count IV - Violation of the Missouri Merchandising Practices Act (MMPA); Count V - Declaratory Judgment, against MAWC and the PSC; and Count VI - Injunctive Relief. The PSC and MAWC filed motions to dismiss the petition.
Once transfer of the Western District case was taken by the Missouri Supreme Court, the trial court stayed the proceedings. After the Supreme Court issued its opinion, the trial court lifted the stay and after briefing and argument, granted the motions to dismiss by MAWC and the PSC, dismissing Appellants' petition without stating a specific basis therefor. This appeal follows.
II. Point on Appeal
Appellants claim the trial court erred in granting Respondents' motions to dismiss because its judgment misapplied the law in that Appellants stated claims in their *658 amended class action petition upon which relief may be granted.
III. Standard of Review
When the trial court does not specify the basis for dismissing a petition, we will affirm a judgment of dismissal if we can sustain it on any of the grounds supported by the motion to dismiss. Byrne & Jones Enters. v. Monroe City R-1 Sch. Dist., 493 S.W.3d 847, 851 (Mo. banc 2016) ; Avery Contracting, LLC v. Niehaus, 492 S.W.3d 159, 162 (Mo. banc 2016) ; Aguilar v. Thompson Coburn LLP, 540 S.W.3d 910, 913 (Mo. App. E.D. 2018).
A motion seeking dismissal of a petition for failure to state a claim upon which relief can be granted is solely a test of the adequacy of a plaintiff's petition. Smith v. Humane Soc'y of United States , 519 S.W.3d 789, 797 (Mo. banc 2017). We review the grant of a motion to dismiss de novo and will affirm the dismissal on any meritorious ground stated in the motion. City of Raymore v. O'Malley, 527 S.W.3d 857, 861 (Mo. App. W.D. 2017). In reviewing the petition to determine if it states a claim, we accept the allegations in the petition as true and grant the plaintiff all reasonable inferences from those allegations. Id. We do not weigh the factual allegations to determine their credibility or persuasiveness. Id. Rather, we review the petition to determine if the facts alleged meet the elements of a recognized cause of action. Bromwell v. Nixon, 361 S.W.3d 393, 398 (Mo. banc 2012).
Mootness implicates the justiciability of the case, so we may dismiss a case for mootness sua sponte. State ex rel. Reed v. Reardon, 41 S.W.3d 470, 473 (Mo. banc 2001). To exercise appellate jurisdiction, the case must present an actual and vital controversy susceptible of some relief. Id. A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. Id. If an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. Dotson v. Kander, 435 S.W.3d 643, 644 (Mo. banc 2014). This is true even if the case was not moot at its inception. Matter of Missouri-American Water Co., 516 S.W.3d at 828. A case may be mooted by an intervenient event which so alters the position of the parties that any judgment rendered becomes a hypothetical opinion. State ex rel. Reed, 41 S.W.3d at 473. In determining whether the controversy is moot, we may consider facts outside the record. Interest of J.T.S., 462 S.W.3d 475, 478 (Mo. App. W.D. 2015).
IV. Discussion
Appellants' amended class action petition's averments fail to invoke principles of substantive law that may entitle them to relief. Truman Med. Ctrs., Inc. v. McKay, 505 S.W.3d 799, 801 (Mo. App. W.D. 2016). The issues raised by their averments are also moot. They presented their complaints, in contravention of statutory procedure, in the wrong forum, in an untimely fashion, and sought a remedy entailing a process prohibited by Missouri law, i.e. , retroactive ratemaking.
A. Statutory Framework
Section 386.500.1 provides that:
After an order or decision has been made by the commission, the public counsel or any corporation or person or public utility interested therein shall have the right to apply for a rehearing in respect to any matter determined therein, and the commission shall grant *659 and hold such rehearing, if in its judgment sufficient reason therefor be made to appear; if a rehearing shall be granted the same shall be determined by the commission within thirty days after the same shall be finally submitted.
Section 386.500.1 (emphasis added); see also In re KCP & L Greater Missouri Operations, 408 S.W.3d 175, 188 (Mo. App. W.D. 2013).
Section 386.500.2 further provides:
No cause of action arising out of any order or decision of the commission shall accrue in any court to any corporation or the [OPC] or person or public utility unless that party shall have made, before the effective date of such order or decision, application to the commission for rehearing. Such application shall set forth specifically the ground or grounds on which the applicant considers said order or decision to be unlawful, unjust, or unreasonable. The applicant shall not in any court urge or rely on any ground not so set forth in its application for rehearing.
Section 386.500.2 (emphasis added); see also In re KCP & L, 408 S.W.3d at 188-89.
An application for rehearing is required and is a prerequisite to the filing of an appeal under Section 386.510, which provides:
With respect to commission orders or decisions ... within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the rendition of the decision on rehearing, the applicant may file a notice of appeal with the commission, which shall also be served on the parties to the commission proceeding in accordance with section 386.515, and which the commission shall forward to the appellate court with the territorial jurisdiction over the county where the hearing was held or in which the commission has its principal office for the purpose of having the reasonableness or lawfulness of the original order or decision or the order or decision on rehearing inquired into or determined.
Section 386.510 (emphasis added).
Section 386.515 provides Section 386.510 is the exclusive method to obtain appellate review:
With respect to commission orders or decisions ... an application for rehearing is required to be served on all parties and is a prerequisite to the filing of an appeal under section 386.510. The application for rehearing puts the parties to the proceeding before the commission on notice that an appeal can follow and any such review under the appeal may proceed provided that a copy of the notice of appeal is served on said parties. With respect to commission orders or decisions ... the review procedure provided for in section 386.510 continues to be exclusive except that a copy of the notice of appeal required by section 386.510 shall be served on each party to the proceeding before the commission by the appellant according to the rules established by the court in which the appeal is filed.
Section 386.515.
Appellate review of PSC decisions and orders is governed by Section 386.510. In re KCP & L, 408 S.W.3d at 182 ; State ex rel. Praxair, Inc. v. Mo. Pub. Serv. Comm'n, 344 S.W.3d 178, 184 (Mo. banc 2011). With regard to appellate review, the Missouri Supreme Court has explained:
[R]eview of a PSC order is two-pronged: first, to determine whether the PSC's order is lawful; and second, to determine whether the PSC's order is reasonable. The appellant bears the burden of proof to demonstrate that the PSC's order is *660 unlawful or unreasonable. The lawfulness of the PSC's order is determined by whether statutory authority for its issuance exists, and all legal issues are reviewed de novo. This Court need not reach the issue of the reasonableness of the PSC's order if it finds the order unlawful.
Matter of Liberty Energy (Midstates) Corp., 464 S.W.3d 520, 524 (Mo. banc 2015). A PSC order is prima facie lawful and reasonable until found otherwise. Section 386.270; In re KCP & L, 408 S.W.3d at 182. The appellant bears the burden of proving, by clear and satisfactory evidence, that the order or decision of the PSC is unlawful or unreasonable. State ex rel. AG Processing, Inc. v. Pub. Serv. Comm'n, 120 S.W.3d 732, 734 (Mo. banc 2003) ; Section 386.430.
B. Forum - Procedure
There is no relief from the PSC's Order approving MAWC's application to charge an ISRS available in the trial court. The OPC is responsible for representing the public in cases before the PSC and on appeal of PSC orders. Section 386.710. Section 386.710, titled "Powers of public counsel," provides in pertinent part:
1. The public counsel shall have the following powers and duties:
(1) He shall employ a staff or hire on a contract basis such employees and experts as are necessary to carry out the purposes and responsibilities of his office, and shall set their compensation within the appropriation made for that purpose;
(2) He may represent and protect the interests of the public in any proceeding before or appeal from the public service commission;
(3) He shall have discretion to represent or refrain from representing the public in any proceeding. He shall consider in exercising his discretion the importance and the extent of the public interest involved and whether that interest would be adequately represented without the action of his office.
Under this statutory authority, the OPC represents the public's interest when participating in the PSC's consideration of each of MAWC's applications to establish or change its ISRS. If a member of the public wishes to complain, subsection (3) of Section 386.710 provides the appropriate avenue:
Nothing in this section shall be construed to limit the right of any person, firm or corporation specified in subsection 1 of section 386.390 to petition or make complaint to the commission or otherwise intervene in proceedings or other matters before the commission.
Section 386.390.1 (emphasis added).
Further, Section 386.500.1, titled "Rehearing before commission" provides:
After an order or decision has been made by the commission, the public counsel or any corporation or person or public utility interested therein shall have the right to apply for a rehearing in respect to any matter determined therein, and the commission shall grant and hold such rehearing, if in its judgment sufficient reason therefor be made to appear; if a rehearing shall be granted the same shall be determined by the commission within thirty days after the same shall be finally submitted.
Section 386.500.1. Appellate review of a decision rendered after a commission rehearing is provided in Section 386.510, set forth supra. Appellants failed to follow the exclusive proper route set forth in the statutory framework to make the complaints in their petition.
Further, the relief they seek for the 2015 ISRS has already been litigated, in a *661 timely fashion and in the proper forum following the appropriate procedure. The OPC appealed the PSC order approving an adjustment to the ISRS in 2015, arguing the PSC did not have the authority to approve the ISRS adjustment application because the population of St. Louis County had fallen below one million inhabitants in the 2010 decennial census. The Western District found in favor of the OPC on appeal. Matter of Missouri-American Water Co., 2016 WL 873409, vacated by Matter of Missouri-American Water Co., 516 S.W.3d at 823. The Supreme Court of Missouri accepted transfer of the case on applications by the PSC and the MAWC and then dismissed the case, finding the issue presented as to the 2015 ISRS was moot because during the pendency of the appeal, the ISRS had become incorporated into the general rate. Matter of Missouri-American Water Co., 516 S.W.3d at 828. The Court explained:
Tariffs that are superseded by subsequently filed tariffs are generally moot and are not considered on appeal because superseded tariffs cannot be corrected retroactively. State ex rel. Praxair, Inc. v. Pub. Serv. Comm'n, 328 S.W.3d 329, 334 (Mo. App. W.D. 2010). Under Section 393.1000(3), when a utility company seeks to recover costs of an infrastructure system replacement project by a surcharge, those costs cannot also be recovered as part of the company's general base rate. After the company has its next general rate case, however, those costs must be incorporated in the utility's base rate and can no longer provide the basis for a surcharge. Section 393.1006.6(1). The surcharge then must be reset to zero.
Matter of Missouri-American Water Co., 516 S.W.3d at 828. Once incorporated into the general rate base, the propriety of the ISRS no longer is justiciable, and therefore moot.
C. Timing - Mootness
Just as the Supreme Court found the 2015 ISRS had become incorporated into the general rate, had the force and effect of law, and was thus moot, so are the past ISRSs charged in 2011, 2012, 2013, and 2014. Moreover, and in the same vein, prior tariffs are superseded by later filed tariffs and are no longer subject to consideration by the courts.
Under Section 393.1000(3), when a utility company seeks to recover costs of an infrastructure system replacement project by a surcharge, those costs cannot also be recovered as part of the company's general base rate. After the company has its next general rate case, however, those costs must be incorporated in the utility's base rate and can no longer provide the basis for a surcharge. Section 393.1006.6(1). The surcharge then must be reset to zero.
That is what has occurred here. After the surcharge that is the subject of this proceeding was approved, and while that approval was on appeal, MAWC filed for and was granted a general base rate increase that included the infrastructure costs that had been the subject of the surcharge at issue here. At that point, the amounts that were previously part of the disputed surcharges were included in the new base rate.
Matter of Missouri-American Water Co., 516 S.W.3d at 828. The same is necessarily true of the disputed 2011-2014 surcharges, which have been incorporated into the base rate, which supersedes the surcharges.
Because the costs that formed the basis of the disputed surcharge have been incorporated into MAWC's base rate, the base rate supersedes the surcharge. The surcharge has been reset to zero, and *662 superseded tariffs cannot be corrected retroactively. Praxair, 328 S.W.3d at 334. The question of whether MAWC could charge a surcharge under Section 393.1003 in light of the reduction in the population of St. Louis County to fewer than 1 million inhabitants as shown in the 2010 census therefore has become moot.
Matter of Missouri-American Water Co., 516 S.W.3d at 828.
If a member of the public wishes to challenge a proposed rate, he must do so in the year the rate is before the PSC. He must "petition or make complaint to the commission or otherwise intervene in proceedings or other matters before the commission. " Section 386.710.3 (emphasis added). The ISRSs set in 2011 through 2015 are no longer before the PSC and no longer subject to challenge. "Tariffs that are superseded by subsequently filed tariffs are generally moot and are not considered on appeal because superseded tariffs cannot be corrected retroactively." Matter of Missouri-American Water Co., 516 S.W.3d at 828 ; see also State ex rel. Praxair, 328 S.W.3d at 334. Appellants' claims are moot.
D. Prohibition on Retroactive Ratemaking
Appellants' claims constitute an attack on the rate set by the PSC. By requesting a refund, Appellants are seeking to have the trial court determine what rates the class should have been charged in 2011, 2012, 2013, 2014 and 2015. This is a determination the trial court has no authority to make. Brooks v. Empire Dist. Elec. Co., 420 S.W.3d 586, 592 (Mo. App. S.D. 2013).
The PSC fixes rates prospectively and not retroactively. Our courts do not fix rates. Our courts may only review, and affirm or set aside or reverse and remand the PSC's rate-fixing orders. Our courts cannot make the PSC do retroactively and our courts cannot retroactively do that which the PSC, or other rate-making body, only does prospectively.
Id., quoting Lightfoot v. City of Springfield, 361 Mo. 659, 236 S.W.2d 348, 353 (Mo. 1951). To direct the PSC to determine what a reasonable rate would have been and to require a credit or refund of any amount collected in excess of this amount would be retroactive ratemaking. Brooks, 420 S.W.3d at 592 ; State ex rel. Utility Consumers' Council of Mo. Inc. v. Public Serv. Comm'n, 585 S.W.2d 41, 58 (Mo. banc 1979). Such retroactive ratemaking is directly contrary to the filed rate doctrine, which prohibits a party from recovering damages measured by comparing the filed rate and the rate that might have been approved absent the conduct in issue. Brooks, 420 S.W.3d at 592.
It is a settled rule that the legal rate is the filed rate, and it is the duty of the carrier, here MAWC, to charge and collect the rate as it is in the tariffs on file with the regulatory agency, here the PSC. Brooks, 420 S.W.3d at 591 ; Mobile & O.R. Co. v. Southern Sawmill Co., 251 S.W. 434, 436 (Mo. App. St. L.D. 1923). The tariffs submitted by MAWC and approved by and on file with the PSC are prima facie lawful until found otherwise by the ruling of a court at the conclusion of the administrative appeal process by the OPC under Section 386.270. Brooks, 420 S.W.3d at 591 ; State ex rel. GTE North, Inc. v. Missouri Pub. Serv. Comm'n, 835 S.W.2d 356, 367-68 (Mo. App. W.D. 1992) ; Section 386.270. Here, the rates complained of by Appellants were presumptively reasonable, were never found to be otherwise, and the time to overcome the presumption has passed. The tariffs in question have been superseded and cannot be corrected retroactively.
*663 State ex rel. Praxair, 328 S.W.3d at 329 ; Matter of Missouri-American Water Co., 516 S.W.3d at 828.
For all of the foregoing reasons, Appellants' Amended Class Action Petition fails to state a claim because no matter under what theory they frame their complaint, the trial court lacks the authority to determine the rates MAWC should have charged. That is a function reserved solely for the PSC. Retroactive rulemaking is prohibited by the filed rate doctrine, and the allegations in the petition are moot. See Brooks, 420 S.W.3d at 593 ; Matter of Missouri-American Water Co., 516 S.W.3d at 823. The trial court did not err in dismissing the petition. Appellants' point on appeal is denied.
Conclusion
The trial court's judgment is affirmed.
Lawrence E. Mooney, J., and James M. Dowd, J., concur.

All statutory references are to RSMo 2000 cumulative as currently supplemented unless otherwise indicated.