STATE of Missouri (Plaintiff), Appellant,

v.

Margaret TOPEL (Defendant), Respondent.

No. 30099.

St. Louis Court of Appeals.

Missouri.

March 17, 1959.

William J. Geekie, Pros. Atty., By Sidney Faber, Asst. Pros. Atty., St. Louis, for appellant.

William J. Costello, R. Forder Buckley, St. Louis, for respondent.

WOLFE, Presiding Judge.

The defendant was charged by information with violation of Section 287.570 RSMo 1949, V.A.M.S., in the Court of Criminal Correction of the City of St. Louis. She filed a motion to dismiss the information. After hearing on the motion, the information was dismissed and the prosecuting attorney appealed from the order so made.

The section under which the charge was brought (Section 287.570 RSMo 1949, V.A.M.S.) relates to claims before the Workmen's Compensation Commission, and it is as follows:

"Contempt—penalty. If any person subpoenaed to appear at any hearing or proceeding, fails to obey the command of such subpoena without reasonable cause, or if any person at attendance at any hearing or proceeding shall without reasonable cause, refuse to be sworn, or to be examined, or to answer a question, or to produce a book or paper or to subscribe or swear to his dep-osition, he shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine of not more than five hundred dollars, or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment, and may be prosecuted therefor in any court of competent jurisdiction, and in case of a continuing violation, each day's continuance thereof shall be, and deemed to be, a separate and distinct offense."

The information charged:

"That Margaret Topel in the City of St. Louis, on the 14th day of March, 1957, having been duly subpoenaed to appear at a hearing being conducted by the Industrial Commission of the State of Missouri and having been duly sworn for examination of the facts in a certain cause pending before said Commission, to-wit: a claim for Workmen's Compensation Benefits wherein the claimant was Catherine Topel, the deceased Edward M. Topel, the employer International Shoe Company, and the insurer, the Liberty Mutual Insurance Company, did then and there wilfully and without reasonable cause refuse to answer the following question, 'Where Do You Live, Mrs. Topel.' contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State."

The defendant moved to dismiss on the ground that the information did not state facts sufficient to constitute an offense and that the court lacked jurisdiction over the subject matter of the indictment and the person of the defendant.

When the motion was heard, counsel for the defendant offered in evidence a transcript of the proceedings before a Commissioner of the Industrial Commission of Missouri. The defendant was a claimant before the Commission and according to the transcript she was asked her name, to

which she replied. She was next asked the following question and gave the following answer:

"Where do you live, Mrs. Topel? Answer. I refuse to answer any questions because I might incriminate myself."

This is all of the transcript that was put in evidence.

The court of criminal correction sustained the motion to dismiss the information which charged the defendant with contempt, and, as stated, it is from that order that the prosecuting attorney appeals.

■ It is contended that the information was sufficient in that it followed the words of the statute. It is true that the information, which is set out above, is quite adequate to inform the defendant of the charge brought against her, and to this extent the appellant is correct. Osborne v. Purdome, Mo.Sup., 244 S.W.2d 1005, 29 A.L.R.2d 1141. The obvious intent of the motion to dismiss, however, went beyond the verbal sufficiency of the information and brought before the court the question of whether or not, as a matter of law, there had been a violation of the section under which the defendant was charged.

■ It is true that the motion to dismiss should have recited fully the ground upon which the dismissal was sought, but its insufficiency on this score was supplied by defendant's counsel, who stated to the court, "I expect the court to find that there cannot be a crime charged in this information." The statement was made in connection with his offer of the transcript of the proceedings before the Workmen's Compensation Commission.

It is provided by Supreme Court Rule 25.06(d), 42 V.A.M.S.:

"The court may determine before trial the defenses and objections raised by motion except where issues of fact are involved which are required by the constitution or by the laws of the state to be tried by a jury."

■ Applying that rule to the matter before us, we find that the evidence presented to the trial court was that which the State relied upon to prove the offense, and if it was insufficient to prove an offense, then no jury question was presented, and the court, under the rule, could pass upon the sufficiency of the evidence. This procedure is similar to some considerable extent to the right to hear certain evidence in civil cases on a motion to dismiss. This may be done where the case may be disposed of upon uncontroverted facts. Sec. 509.290, R.S.Mo.1949, V.A.M.S.; Metcalf v. American Surety Co. of New York, 360 Mo. 1043, 232 S.W.2d 526; Knight v. Calvert Fire Ins. Co., Mo.App., 268 S.W.2d 53.

■ When the defendant was called as a witness before the Workmen's Compensation Commission, she declined to tell where she lived on the ground that if she did so she might incriminate herself. We gather from the record that the Commission thereupon dismissed her claim. Missouri courts have long held that the immunity from self-incrimination is available before any tribunal in any proceeding. State v. Blackburn, 273 Mo. 469, 201 S.W. 96; State ex rel. Orr v. Kearns, 304 Mo. 685, 264 S.W. 775; State v. Dowling, 348 Mo. 589, 154 S.W.2d 749. It consequently follows that the witness was not in contempt under the statute relied upon when she invoked her immunity.

■ The right to claim immunity gives no advantage to a party to a civil action. In Franklin v. Franklin, 365 Mo. 442, 283 S.W.2d 483, loc. cit. 486, the plaintiff in a divorce case refused to answer a certain question on the ground that her answer might tend to incriminate her, and the Missouri Supreme Court stated:

"Although plaintiff may refuse to answer self-incriminating interrogatories, yet, when she does, her action must be judged in the same manner and by the

same rules as though she had refused to answer any other pertinent written or oral interrogatories."

Upon her refusal to answer, the defendant's claim was properly dismissed by the Workmen's Compensation Commission but the defendant could not be charged with contempt for claiming her immunity.

It follows that the trial court correctly ruled upon the motion, and its judgment is affirmed.

ANDERSON and RUDDY, JJ., concur.