Craig C. WILLIAMS, Claimant–Appellant,

v.

GARY BREEDLOVE CONSTRUCTION, CO., and Treasurer of Missouri as Custodian of Second Injury Fund, Respondents.

No. 21360.

Missouri Court of Appeals, Southern District, Division One.

June 30, 1997.

Motion for Rehearing and Transfer Denied July 22, 1997.

Application to Transfer Denied Sept. 30, 1997.

---

* All statutory references are to RSMo 1994.

Tina M. Longnecker, Joplin, for claimant-appellant.

Ronald G. Sparlin, Joplin, for respondents.

GARRISON, Judge.

Craig Williams (Employee) appeals the dismissal of his workers' compensation claim, which resulted from the assertion of his Fifth Amendment right not to testify. Under the circumstances of this particular case, we reverse and remand.

Employee began working for Breedlove Construction Co. (Employer) on Monday, February 28, 1994. On Tuesday, March 1, he fell from a roof, sustaining fractures to both ankles and three vertebrae. When Employee was taken to the hospital, a drug screening was performed and he tested positive for amphetamines, methamphetamines, and marijuana.

Employee filed a workers' compensation claim against Employer, and also a claim against the Second Injury Fund. His deposition was taken on July 5, 1994, but he apparently indicated that he was not going to answer any questions about drug usage,[1] and the deposition was adjourned with Employer's counsel indicating that the matter would

---

1. This deposition is not a part of the record filed with this court, but is a subject of Employee's motion to supplement the record on appeal. That deposition, however, was not a part of the record before the Commission. The only record we are to consider on appeal is the record certified by the Commission as containing all documents and papers on file in the matter, together with a transcript of the evidence, findings and award. § 287.495.1; *Porter v. Emerson Electric Co.*, 895 S.W.2d 155, 161 (Mo.App. S.D.1995). Employee's motion is, therefore, denied as it relates to that deposition.

be taken up with the Administrative Law Judge (ALJ). There is nothing in the record, however, indicating that was done. In February, 1995, Employee's attorney furnished Employer with a "stipulation" that Employee smoked a marijuana cigarette on Saturday, February 26, 1994 at 10:00 P.M. and again on February 27, 1994 at 2:00 A.M.(Saturday night and early Sunday morning before the fall on Tuesday).

Employee's deposition was again taken on June 5, 1995 at which time he was asked questions about his marijuana usage. When asked if he had any recollection of having smoked marijuana prior to the date of the fall, he first said "none—vaguely. I cannot remember." He testified that he was at a nightclub named The Red Lion on Saturday night until sometime after 1:30 A.M. on Sunday. Although he said that he left the club once to pick someone up, he claimed the Fifth Amendment when asked who that person was, whether there was more than one such person, and where he went after picking them up. He said that he only had one marijuana cigarette on Saturday night and another one Sunday morning according "to the best of [his] recollection," but said that he was intoxicated after having drunk "probably half a gallon of Jack Daniels." He testified that he had no idea where he was when he smoked the marijuana on Saturday night, or who supplied the marijuana he smoked, but claimed the Fifth Amendment when asked if he remembered who he smoked marijuana with. He said that he was at an "afterbars" party when he smoked the one at 2:00 A.M. Sunday morning. He claimed the Fifth Amendment, however, when asked whether other people were present when he smoked the marijuana on either occasion, who supplied the marijuana cigarette he smoked at the "afterbars" party, and the location of that party. He said that he did not purchase the marijuana he smoked on Saturday night or Sunday morning, did not find it, and did not grow it, but claimed the Fifth Amendment when asked whether he received it from an individual.

A hearing was held on Employee's claim on September 27, 1995 before the ALJ at which time Employee requested that it be heard on a temporary or hardship basis, while the Employer requested that it be presented for final determination. The only witness to testify was Employee who described the accident and his injuries. On cross-examination, he testified that a physician gave him a prescription for Xanax (an anti-depressant) in January, 1994, and one for valium on the day prior to the fall. He also confirmed his positive testing for amphetamines, methamphetamines and marijuana when he was admitted to the hospital following the fall.

On further cross-examination, Employee was asked if he remembered having taken the Fifth Amendment in his second deposition when asked who he smoked marijuana with, where he smoked it, whether he was in a bar or an after-hours party when he smoked it, whether there were other people present when he smoked it, whether he received the marijuana from someone else, who supplied him with the marijuana that he smoked, where he went the night he smoked the marijuana, whether he smoked the marijuana after the Red Lion (the bar he said he was at on Saturday night before the fall) closed, and who he was with at the Red Lion. He confirmed that he remembered taking the Fifth Amendment on those occasions, and was then asked:

Q. With regard to those questions that you took the Fifth Amendment to at the time of your deposition, is it your intention here this morning to take the Fifth Amendment with regard to those questions if they are asked in the course of this hearing?

A. I don't under—run that by me one more time.

Q. With regard to the questions that you took the Fifth Amendment to at the time of your deposition was taken, is it your intention to take the Fifth Amendment here this morning if those same questions are asked during this cross-examination?

A. No, sir.

Q. Is it your intention to waive your Fifth Amendment privilege?

A. No, sir.

Q. Is it your intention to take the Fifth Amendment in response to those questions?

A. Yes, sir.

Employer's counsel then moved to strike Employee's claim for relief, or in the alternative to strike his direct testimony. At the suggestion of the ALJ, the second deposition was introduced which contained the exact questions to which Employee had asserted the Fifth Amendment.

After some discourse between the ALJ and counsel, the following occurred:

[ALJ]: At this point I'm inclined to strike the testimony.

[Employee's counsel]: Well, is there a remedy where he can then waive his right?

[ALJ]: Well, he can always waive his right, that's his decision. . . . He may confer with you to do that at this point in time and I'll allow you to do that.

[Employee's counsel]: All right.

[ALJ]: I mean that's something he needs to confer with you about obviously.

[Employee's counsel]: All right.

[ALJ]: Well, take a short break.

(Five–Minute Recess Taken)

[Employee's counsel]: Your Honor, we have talked to the claimant and he is willing to waive his Fifth Amendment as to any of these questions that have been asked——answered before. He is willing to waive his Fifth Amendment.

[Employer's counsel]: Your Honor, that comes way too late. [Employee's] opportunity to waive the Fifth Amendment took place at either the time his first deposition was taken or his subsequent deposition was taken *or during his cross-examination testimony.* It comes way too late when he is told that it is the Court's inclination to strike his pleadings or strike his testimony and do what has been done by every court heretofore reported in this state and now say, I wasn't serious about taking the Fifth, it doesn't help me to take the Fifth because it's going to cost me some money. And that's exactly what we're hearing. . . . He's precluded my client from his right to discover these matters. *He's precluded my client on cross-*

*examination from developing these matters* and his pleadings should be stricken and his case dismissed. (emphasis added)

Employee's attorney told the ALJ that, in addition to requesting that Employee be allowed to waive the privilege, they were also requesting a continuance of the hearing to permit Employer time to conduct discovery. The ALJ, however, denied that request and struck Employee's pleadings and testimony, saying that "I think it is too late at this time." Employee then sought a review by the Labor and Industrial Relations Commission (Commission) which affirmed the dismissal by the ALJ.

■ In reviewing a workers' compensation award, we review the findings of the Commission and not those of the ALJ. *Gordon v. Tri–State Motor Transit Co.,* 908 S.W.2d 849, 852 (Mo.App. S.D.1995). We may modify, reverse, remand for rehearing or set aside the award of the Commission only if its actions were unauthorized by law or in excess of its authority, fraudulent, unsupported by the facts as found by the Commission, or unsupported by competent evidence. § 287.495.1, RSMo.1994; *Lawson v. Emerson Elec. Co.,* 833 S.W.2d 467, 470 (Mo. App. S.D.1992). There is a different standard of review, depending on whether the Commission decided the case as a matter of law or of fact. Decisions which are clearly interpretations or applications of law, rather than determinations of fact, are reviewed by us for correctness without deference to the Commission's judgment. *Simmerly v. Bailey Corp.,* 890 S.W.2d 12, 14 (Mo.App. S.D. 1994).

■ In his first point on this appeal, Employee contends that the Commission erred in holding that the waiver of the Fifth Amendment came too late and in dismissing his claim.[2] He argues that he effectively waived the privilege during the deposition and at the hearing, and, although pre-hearing conferences were held, the Employer did not raise the issue earlier with the ALJ so that it could be resolved prior to the hearing.

**2.** Because Employee's first point is dispositive of this appeal, we do not reach his second point relied on.

■ A waiver of the privilege by furnishing some information while refusing to reveal other information because of the Fifth Amendment is not automatic. As the court said in *State v. Cavanaugh*, 419 S.W.2d 929, 936 (Mo.App. W.D.1967), once a witness has invoked the protection of the Fifth Amendment, "a waiver of such privilege will not be held to have occurred upon vague and uncertain evidence." The court cited *Emspak v. United States*, 349 U.S. 190, 75 S.Ct. 687, 99 L.Ed. 997 (1955), for the proposition that the court will "indulge every reasonable presumption against waiver and that a waiver would not be declared unless it clearly appeared that the witness intended to and did knowingly waive his rights." *Id.*

Employee argues that he effectively waived his privilege under the Fifth Amendment by stipulating that he smoked two marijuana cigarettes on Saturday night and Sunday morning before the fall, by selectively answering specific questions related to drug usage, and by telling the ALJ that he waived the privilege. He cites § 287.560 for the proposition that depositions may be required and witnesses subpoenaed in workers' compensation cases, and 8 CSR 20–3.010(2)(A) which provides that the ALJ shall have "full power, jurisdiction and authority to issue all interlocutory orders necessary to the proper and expeditious handling of the case."

He contends that Employer should have brought the matter to the attention of the ALJ before the hearing and sought an order compelling him to answer the questions because of his alleged waiver of the privilege. In support, he notes that several pre-hearing conferences were held with no indication in the record that any such relief was requested.[3] He concludes in his brief that "[t]he issue is whether under the circumstances of this case, [Employee] should be dismissed for asserting his Fifth Amendment privilege when employer/insurer never initiated any legitimate effort of discovery." Employee, however, cites no authority for the proposition that the Employer had a duty to affirma-

tively pursue the issue of whether the privilege had been waived so that Employee could be protected from his own actions. Here, it is *Employee's* contention that the privilege had been waived by his selective furnishing of information. Employer did not make that contention. It could have been Employer's position that Employee was entitled to assert the Fifth Amendment, but could not do so with reference to relevant information and, at the same time, pursue affirmative relief in proceedings before the Commission.

■ Missouri courts have long approved the dismissal of a claim by someone who was seeking affirmative relief but refused, on the basis of the Fifth Amendment, to reveal relevant information in discovery. *Franklin v. Franklin*, 365 Mo. 442, 283 S.W.2d 483, 486 (1955); *In Re Marriage Of Fellers*, 789 S.W.2d 153, 155 (Mo.App. E.D.1990); *Sparks v. Sparks*, 768 S.W.2d 563, 565 (Mo.App. E.D.1989), cert. denied, 493 U.S. 957, 110 S.Ct. 372, 107 L.Ed.2d 358 (1989). The reason for the rule permitting the dismissal of a claim or the striking of a party's testimony because of that party's refusal to reveal relevant information in discovery is the promotion of fairness and to ensure that a person seeking affirmative relief is not able to obtain that relief from a party and, at the same time, conceal relevant evidence. *In Re Marriage of Fellers*, 789 S.W.2d at 155.

In the instant case, however, it is apparent that Employer was not relying on Employee's assertion of the Fifth Amendment in discovery as its basis for dismissing the claim. As Employee notes, the record does not demonstrate that Employer brought the matter to the attention of the ALJ or sought relief until after Employee testified on direct and after considerable cross-examination had occurred. If Employer had been relying on Employee's assertion of the privilege during discovery as a basis for relief, it is reasonable to assume that it would have pursued that prior to the hearing or before Employee testified on direct. Instead, Employer wait-

---

**3.** Employee's motion to supplement the record on appeal included the ALJ's hearing minute sheets showing that pre-hearing conferences were held June 22, 1994, December 12, 1994, December 14, 1994, and May 3, 1995. This portion of the proposed supplemented record was certified by the Commission. Employee's motion is sustained as it relates to these minute sheets.

562

ed until cross-examination and after establishing that Employee remembered taking the Fifth Amendment in the second deposition, and intended to again assert the privilege if those questions were asked. Based on Employer's questions, it appears that it was still willing, at that point, to permit Employee the choice of testifying on those subjects or asserting the Fifth. Prior to that time, Employer certainly had not argued that fairness interests mandated the striking of Employee's claim or testimony due to his earlier assertions of the privilege. In fact, in orally moving to strike Employee's claim, Employer's counsel said that "he cannot come to this Court and avail himself of favorable testimony on direct examination and preclude his opponent either during the course of *cross-examination* or discovery of developing information which would provide his opponent a defense to the case." This is some indication that the basis of Employer's challenge to Employee's testimony and claim was the indication of an intent to assert the Fifth Amendment during cross-examination as opposed to the prior assertions during discovery.

One of the cases relied on by the Commission in affirming the dismissal was *Sparks v. Sparks,* 768 S.W.2d 563 (Mo.App. E.D.1989), in which a wife asserted the Fifth Amendment in responding to interrogatories and reasserted the privilege at a hearing on her request for temporary allowances. There the appellate court noted that the reason some form of judicial response is appropriate following the invocation of the privilege is "to eliminate any undue advantage which might flow from the ability to conceal pertinent evidence." *Id.* at 567. The *Sparks* court also noted, however, that a court has discretion in fashioning an appropriate remedy, including prevention of the testimony of the party seeking relief who relied on the Fifth, "deferral" of the request for relief, "or other appropriate action, to prevent the disadvantage and unfairness inherent in compelling [the party defending the claim] to proceed without full disclosure ..." *Id.* It specifically refused to hold that the assertion of the Fifth mandated a dismissal of pleadings or denial of a claim. *Id.* There the husband had filed a motion, prior to the hearing, to strike wife's

pleadings because of her reliance on the Fifth. *Id.* at 564.

The Commission also cited *State v. Topel,* 322 S.W.2d 160, 162–163 (Mo.App. E.D.1959). In that case, the appellate court said that the Commission had properly dismissed a claimant's workers' compensation claim when she took the Fifth Amendment at the hearing. That statement, however, was dicta inasmuch as the issue before the court was whether the claimant could be charged with contempt as a result of the refusal to testify.

Under the circumstances of this particular case, we hold that the Commission erred in dismissing Employee's claim. Employee had requested that the matter be heard on the issue of temporary benefits, Employer made no effort to obtain relief relating to Employee's assertion of the privilege prior to the hearing, Employer apparently relied on Employee's intended refusal to testify at the hearing rather than his refusal to testify at his deposition as its basis for requesting relief, Employee informed the ALJ of his intention to waive the privilege within minutes after the issue arose, and after being permitted by the ALJ to discuss that possibility with his attorney, and Employee indicated a willingness for the hearing to be continued to permit discovery if Employer desired. Because Employer apparently requested relief based on Employee's intended refusal to testify concerning some subjects at the hearing, we fail to see how an indication only a few minutes later that Employee would waive the privilege came too late or was prejudicial. Especially is this true since Employee indicated a willingness to continue the hearing which was scheduled to take up *his* claim for temporary benefits.

The ALJ had discretion to fashion appropriate relief in response to Employee's assertion of the privilege. Under the circumstances of the instant case, we do not believe that fairness required the striking of Employee's testimony and claim, rather than granting a continuance of the hearing to permit whatever discovery Employer considered appropriate. We do not intend, however, to indicate by this opinion that the dismissal of a claim would never be appropriate

when a claimant asserts the Fifth Amendment under other circumstances.

For the reasons expressed herein, the final award of the Commission is reversed and the case is remanded to the Commission for further proceedings consistent with this opinion.

BARNEY, P.J., and PREWITT, J., concur.