

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| WHISPERING OAKS RESIDENTIAL FACILITY, LLC., | WD77639 |
| **Appellant,** | OPINION FILED: |
| v. | MARCH 10, 2015 |
| MISSOURI DEPARTMENT OF NATURAL RESOURCES, | |
| **Respondent.** | |

### Appeal from the Circuit Court of Cole County, Missouri
### The Honorable Jon Edward Beetem, Judge

**Before Division Two: Anthony Rex Gabbert, PJ., Joseph M. Ellis, Karen King Mitchell, JJ.**

Whispering Oaks Residential Facility, LLC., appeals the Administrative Hearing Commission's ("AHC") decision dismissing its appeal for lack of jurisdiction. Whispering Oaks also appeals the circuit court's decision upholding the AHC's decision, denying its requested relief under § 536.150, RSMo 2000,[1] and dismissing its petition for failure to state a claim. Whispering Oaks raises two points on appeal. First, Whispering Oaks argues that the AHC erred in dismissing its complaint because the AHC is obligated to hold a hearing in a contested matter and the Department of Natural Resources' ("DNR") decision to decline to issue a letter of deactivation amounted to a decision by DNR, subject to review by the AHC. Alternatively,

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, updated through the most recent cumulative supplement, unless otherwise noted.

Whispering Oaks argues that the circuit court erred in dismissing its complaint because the trial court is obligated to hold a hearing in a noncontested matter under § 536.150, and DNR's refusal to issue a deactivation letter was subject to review by the circuit court. We affirm.

**Factual Background**

Whispering Oaks owns a drinking water system for which DNR issued a permit. In January 2010, Whispering Oaks, which operated as a residential care facility, ceased operations as a business after DNR and the Department of Health and Senior Services complained of the quality of the water and removed all residents from the facility. Shortly thereafter, the permit was deemed deactivated.[2]

In an email dated March 12, 2013, a DNR employee informed Whispering Oaks that its drinking water system was deactivated and was ineligible to receive drinking water training vouchers. Later, in a phone conversation with another DNR employee on December 20, 2013, Whispering Oaks asked for a letter confirming that the water system is deactivated. The employee confirmed that the system was deactivated but refused to issue a letter.

After DNR refused to issue the letter, Whispering Oaks filed a complaint with the AHC. In its complaint, Whispering Oaks asserted that the AHC "has exclusive jurisdiction to review actions of the DNR relating to certain environmental commissions, including [the] Safe Drinking Water Commission and the Clean Water Commission" and asked the AHC "to enter an order deactivating the permit, and to grant such other and further relief as is proper and just." The AHC dismissed the matter on the pleadings for lack of statutory jurisdiction.

---

[2] It is unclear from the record what the term "deactivated" means. The term does not appear in the Safe Drinking Water Law or DNR's regulations at 10 CSR 160. In oral argument, DNR stated that "deactivated" is simply an administrative label such that DNR no longer sends out test tubes for monthly water samples.

2

Whispering Oaks then filed a petition in the circuit court seeking a reversal and remand to the AHC for a hearing, alleging that judicial review is authorized under §§ 536.100-150. DNR moved to dismiss the petition on the grounds that DNR's refusal to issue a letter was not an appealable decision. The circuit court affirmed the AHC's order and dismissed the claim for failure to state a claim upon which relief could be granted. Whispering Oaks appeals.

**Contested Case**[3]

In its first point on appeal, Whispering Oaks argues that the AHC erred in dismissing its petition because it seeks review of a contested case—that DNR's refusal to send it a deactivation letter was a decision by DNR, subject to review by AHC. We dismiss this point.

A contested case is a "proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Section 536.010(4). "Contested cases provide the parties with an opportunity for a formal hearing with the presentation of evidence, including sworn testimony of witnesses and cross-examination of witnesses, and require written findings of fact and conclusions of law." *Furlong Companies, Inc. v. City of Kansas City*, 189 S.W.3d 157, 165 (Mo. banc 2006). "The review of a contested case is a review by the trial court of the record created before the administrative body." *Id.* "The trial court's decision upon such review is appealable, but the appellate court also looks back to the record created before the administrative body." *Id.* This Court reviews only the agency's decision, not the decision of the circuit court. *Ringer v. Mo. Dept. of Health and Senior Servs.*, 306 S.W.3d 113, 114 (Mo. App. 2010). On appeal, we consider whether the agency's action is in violation of constitutional provisions; is in excess of the statutory authority or jurisdiction of the

---

[3] Whispering Oaks argues first that the refusal to issue a deactivation letter is a contested case and then argues, in the alternative, that it is a noncontested case. For reasons set forth in this opinion, we do not make a finding whether this is a contested or noncontested case or neither.

agency; is unsupported by competent and substantial evidence on the record; is otherwise

unauthorized by law; was made upon unlawful procedure or without a fair trial; is arbitrary,

capricious, or unreasonable; or involves an abuse of discretion.  § 536.140.2; *TAP Pharm.*

*Prods., Inc. v. State Bd. of Pharmacy*, 238 S.W.3d 140, 141 (Mo. banc 2007).  Questions of law

are reviewed *de novo*.  § 536.140.3.

The AHC is a creature of statute and can only exercise those powers conferred by law.

*Livingston Manor, Inc. v. Dep't of Soc. Servs.*, 809 S.W.2d 153, 156 (Mo. App. 1991).  Here, the

AHC dismissed Whispering Oaks's appeal because the AHC lacked statutory jurisdiction to

provide administrative review of DNR's refusal to give a deactivation letter.    In determining

whether it had statutory jurisdiction to provide review of the denial of the letter, the AHC

reviewed statutes establishing the right of a person aggrieved by a decision from DNR to appeal

to the AHC.  The AHC determined that none of these specific statutes granted it authority to

review DNR's decision denying a deactivation letter.  Whispering Hills has never challenged that

holding.  Rather, it has argued in the circuit court and to this court only that the AHC erred by

dismissing its case because it is entitled to contested case review under section 536.100.  But the

AHC never decided that DNR's decision was not subject to contested case review, rather it found

only that there was no statutory basis for the AHC to provide such a review.  In other words, the

AHC never held that Whispering Oaks isn't entitled to a hearing; only that, if it is entitled to a

hearing, the AHC does not have authority to hold that hearing because the specific statutes

granting it authority to hold a hearing on DNR decisions do not apply to the letter requested here.

Having never challenged this holding, Whispering Oaks has waived any argument that the

specific statutes dealing with DNR grant the AHC authority to hear this appeal.  And while

Whispering Oaks implicitly argues that the general contested case review statute, section

4

536.100, grants the AHC authority to hold hearings in all contested cases, we find nothing in Chapter 536 purporting to grant the AHC authority over all administrative hearings required by law. Whispering Oaks also does not claim that it has filed a request for an administrative hearing in any other venue. As a result of Whispering Oaks failure to challenge the ground upon which the AHC dismissed its petition, Whispering Oaks has preserved nothing for this Court to review. *Foster v. Village of Brownington*, 140 S.W.3d 603, 607-08 (Mo. App. 2004). Therefore, point one is dismissed.

## Noncontested Case

In its second point on appeal, Whispering Oaks argues that the trial court erred in dismissing its complaint because the trial court is obligated to hold a hearing in an noncontested matter under § 536.150. Whispering Oaks contends that the DNR's refusal to issue a deactivation letter was a decision by DNR subject to review by the circuit court. We find no error.

"We review *de novo* the grant of a motion to dismiss[.]" *Weems v. Montgomery*, 126 S.W.3d 479, 484 (Mo. App. 2004). "A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 464 (Mo. banc 2001). This Court "assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom." *Id.* "No attempt is made to weigh any facts alleged as to whether they are credible or persuasive." *Id.*

Section 536.150 affords judicial review in noncontested cases of an agency action that determines the "legal rights, duties or privileges of any person" and allows the circuit court to determine if the individual subject to the agency decision "was subject to such legal duty, or had such right, or was entitled to such privilege" and whether the decision was "unconstitutional,

5

unlawful, unreasonable, arbitrary, or capricious or involve[d] an abuse of discretion." *McIntosh v. LaBundy*, 161 S.W.3d 413, 416 (Mo. App. 2005) (quoting § 536.150). "Thus, to make a prima facie case under Section 536.150, an individual must plead facts that, if true, would show that he has been denied some legal right or entitlement to a privilege by an agency decision that was unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involved an abuse of discretion." *Id.* (internal quotations omitted). Therefore, the issue becomes whether Whispering Oakes has a legal right to the deactivation letter. *See id.*

In order for Whispering Oaks to prevail, it must show that DNR's refusal to issue a deactivation letter treads upon a legally protected right or privilege. *See id.* at 417. Here, Whispering Oaks points to no rule, statute, or other legal authority creating a legal right or entitlement to a deactivation letter. Furthermore, Whispering Oaks points to no provision in state law or elsewhere creating a property interest or privilege in the deactivation letter. Not only does Whispering Oaks not provide any legal authority, the fact that its well system permit is deactivated is uncontested. In fact, DNR sent Whispering Oaks an email stating its permit was deactivated and later told Whispering Oaks over the phone that the permit was deactivated. Therefore, without providing any legal authority creating a legal right or privilege to the deactivation letter, we find that Whispering Oaks's petition failed to state a legal claim for relief.[4] Thus, we find no error. Point two is denied.

**Conclusion**

We conclude, therefore, that we dismiss Whispering Oaks first point on appeal because Whispering Oaks failed to challenge the ground upon which the AHC dismissed its petition,

---

[4] We note that the circuit court also affirmed the AHC's dismissal of Whispering Oaks's appeal and denied Whispering Oaks request for relief under § 536.150.

preserving nothing for this Court to review.  We further conclude that the trial court did not error in dismissing Whispering Oaks's petition for failure to state a legal claim because Whispering Oaks failed to provide any legal authority creating a legal right or privilege to the deactivation letter.  We affirm the circuit court's judgment.

/s/ _____
Anthony Rex Gabbert, Judge

All concur.