

# In the Missouri Court of Appeals
## Western District

JONATHAN GERKE, et al.,          )
                    Appellants,  )
v.                               )          WD78991
                                 )
CITY OF KANSAS CITY, MISSOURI, et )
al.,                             )          FILED: June 14, 2016
                    Respondents. )

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE ROGER M. PROKES, JUDGE

### BEFORE DIVISION ONE: LISA WHITE HARDWICK, PRESIDING JUDGE, CYNTHIA L. MARTIN AND GARY D. WITT, JUDGES

Jonathan Gerke, Jarid Ward, Julie Kenny, and Kimberly Guardado ("Appellants") appeal the judgment dismissing their class action petition against the City of Kansas City, the City of Grandview, the City of Lee's Summit, the City of Raytown, the City of Independence, the City of Grain Valley, the City of Buckner, the City of Blue Springs, the City of Greenwood, the City of Lone Jack, the City of Lake Lotawana, the City of Oak Grove, and the City of Lake Tapawingo ("the Cities"). Appellants contend their petition stated claims for declaratory judgment, unjust enrichment, and money had and received based upon their having paid an illegal warrant fee and/or a failure to appear fee to the Cities and, furthermore, that

the claims were not barred by the affirmative defenses of estoppel and waiver. For reasons explained herein, we affirm.

FACTUAL AND PROCEDURAL HISTORY

On appeal from a dismissal for failure to state a claim, we assume the facts alleged in the petition to be true. *Whispering Oaks Residential Facility, LLC v. Mo. Dep't of Nat. Res.*, 456 S.W.3d 46, 49 (Mo. App. 2015). In their petition, Appellants alleged that the Cities were municipal corporations that assessed and collected a warrant fee or failure to appear fee for an individual's failure to appear on his or her municipal court date. The amount of this fee varied between the Cities and ranged from $25 up to $149.50. Appellants alleged that each of them paid such a fee. The petition did not specify to which of the thirteen Cities the four Appellants paid a fee.

Appellants asserted that they were bringing the action on behalf of themselves and a class of all other similarly-situated individuals who were within the following definition of the class:

> All Missouri residents, currently residing in the Missouri counties of Jackson, Johnson, Cass, Clay, or Platte, who, while not charged with and convicted of a municipal violation, the penalty for which was the assessment of a "warrant fee" and/or "failure to appear fee," paid a "warrant fee" and/or a "failure to appear fee" to a Municipal Defendant during the period from January 1, 2005 to the date the Court certifies this Class Action under Supreme Court Rule 52.08.

> Excluded from the Class is the judge to whom this case is assigned, the putative class attorneys, the Municipal Defendants' elected officials and representatives, all those who validly and timely opt-out of the certified class, and all those persons who have lawsuits pending

2

against, or who have settled their claims against the Municipal Defendants for the same or similar claims as set forth herein.

Appellants contended that the fees assessed when they and the putative class members did not appear for their municipal court dates were not authorized by any Missouri statute and constituted a surcharge "in violation of Section 488.005, RSMo, et seq."[1] Section 488.005 provides, in pertinent part, that "no clerk of any court shall collect any surcharge authorized by or pursuant to any ordinance, order or resolution . . . unless such ordinance, order or resolution is authorized by statute." Appellants alleged that no statute authorized the collection of the fees.

Appellants further alleged that the Cities failed to disclose to them and the putative class members that the fees were not authorized under Missouri law. Appellants asserted that the unauthorized fees were not designed to promote the health, safety, peace, comfort, or general welfare of the public but that the Cities collected them "in the guise of an ordinance enacted under the police power" solely as a means to generate revenue and to benefit the Cities in their corporate capacity. Alternatively, Appellants alleged that, even if the fees were authorized, the Cities violated Appellants' and the putative class members' due process rights by collecting them because the Cities did not charge and convict Appellants and the putative class members with a municipal violation whose penalty was the assessment of a warrant fee or failure to appear fee.

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2013 Cumulative Supplement.

Appellants sought relief under several theories. In Count I, they asked for a judgment declaring (1) whether the assessment and/or collection of the unauthorized fees was in violation of Missouri law; (2) whether the Cities had the authority to assess and collect the unauthorized fees; and (3) whether Appellants and the putative class members were entitled to recover the unauthorized fees that they paid. In Counts II and III, Appellants sought repayment of the unauthorized fees under theories of unjust enrichment and money had and received.[2]

In response, the Cities filed a joint motion to dismiss the petition on the basis that Appellants' petition failed to state a claim upon which relief could be granted. The Cities also filed a joint, unopposed motion to stay briefing and consideration of Appellants' motion for class certification. The court found that Appellants' petition failed to state a claim and dismissed the petition with prejudice. Appellants appeal.

## STANDARD OF REVIEW

We review the grant of a motion to dismiss *de novo* and will affirm the dismissal on any meritorious ground stated in the motion. *Vogt v. Emmons*, 158 S.W.3d 243, 247 (Mo. App. 2005). In reviewing the petition to determine if it states a claim, we accept the allegations in the petition as true and grant the plaintiffs all reasonable inferences from those allegations. *Campbell v. Cty. Comm'n of Franklin Cty.*, 453 S.W.3d 762, 767 (Mo. banc 2015). We do not weigh the factual allegations to determine their credibility or persuasiveness. *Bromwell v. Nixon*, 361 S.W.3d 393, 398 (Mo. banc 2012). Rather, we review

---

[2] Appellants voluntarily dismissed Count IV of their petition, in which they sought an accounting.

4

the petition "'to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.'" *Id*. (citation omitted).

Because Missouri is a fact-pleading state, the "petition must contain a short and plain statement of the facts showing that the pleader is entitled to relief." *Gardner v. Bank of Am., N.A.*, 466 S.W.3d 642, 646 (Mo. App. 2015) (citing Rule 55.05). "'Although the petition need not plead evidentiary or operative facts showing an entitlement to the relief sought, it must plead ultimate facts demonstrating such an entitlement.'" *Id*. (citation omitted). A petition that asserts only conclusions is insufficient, and we must disregard any conclusions that are not supported by facts. *Id*. If the petition does not contain ultimate facts or allegations from which to infer those facts, we will find that the motion to dismiss for failure to state a claim was properly granted. *Id*.

## ANALYSIS

### *Declaratory Judgment*

In Point I, Appellants contend the court erred in finding that they failed to state a claim for declaratory judgment. To state a claim for declaratory relief, the petition must set forth facts demonstrating:

> "(1) a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief; (3) a

5

controversy ripe for judicial determination; and (4) an inadequate remedy at law."

*Tupper v. City of St. Louis*, 468 S.W.3d 360, 368 (Mo. banc 2015) (citation omitted).

Although Appellants assert in their point relied on that they sufficiently pled each of these elements in their petition, their argument under this point addresses only the fourth element -- an inadequate remedy at law. Specifically, they argue that that the Cities failed to demonstrate that an adequate legal remedy presently existed in light of Appellants' allegations in their petition that they already paid the fees. In response, the Cities argue in their brief that Appellants had an adequate legal remedy.

Both parties' arguments overlook the procedural posture of this case.[3] This is an appeal from a dismissal for failure to state a claim. "'[A] motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition.'" *City of Lake St. Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010) (citation omitted). At this point in the proceedings, neither the circuit court nor this court is to determine on the merits whether the plaintiff is entitled to relief. *Ralph v. St. Anthony's Med. Ctr.*, 470 S.W.3d 783, 785 (Mo. App. 2015). Indeed, "[t]he question is not whether the petition's stated theory

---

[3] Additionally, we note that, contrary to Appellants' argument, it was their burden to allege the non-existence of an adequate legal remedy -- not the Cities' burden to demonstrate the existence of an adequate legal remedy. We acknowledge Appellants' argument that it is difficult to allege facts to essentially "prove a negative"; however, the complete dearth of any attempt to address this essential element is fatal to this pleading.

6

demonstrates an entitlement to the declaratory relief sought, 'but rather it is whether under the averments of the petition[,] plaintiff is entitled to a declaration of rights at all.'" *Sandy v. Schriro*, 39 S.W.3d 853, 857 (Mo. App. 2001) (citation omitted). Thus, our concern is not whether Appellants have an adequate legal remedy, as that goes to the merits of their declaratory judgment claim. Rather, our concern is whether Appellants alleged sufficient facts in their petition to demonstrate that they lacked an adequate legal remedy. [4]

Reviewing Appellants' petition, we find no facts alleging the lack of an adequate legal remedy. During oral argument on appeal, Appellant's counsel acknowledged that the petition did not address this essential element. Notably, in their brief on appeal, Appellants argue that they had no adequate legal remedy to contest the allegation that they failed to appear because they were never charged with or convicted of failing to appear, and they had no legal remedy to contest the fee because no corresponding charge was ever brought nor a conviction obtained. They also make allegations in their brief indicating that a trial de novo, if possible, would not have been an adequate legal remedy. However, Appellants did not include any of these allegations in their petition. By failing to allege facts indicating the lack of an adequate legal remedy, Appellants failed to plead all of the facts necessary to demonstrate their right to declaratory relief. The dismissal of Count I was therefore proper. Point I is denied.

---

[4] Consequently, Appellants' reliance on *Tupper*, 468 S.W.3d 360, which they claim to be "dispositive" on the adequacy of their legal remedy, is misplaced, as it was an appeal from a declaratory judgment and not an appeal from the dismissal of a declaratory judgment claim.

***Unjust Enrichment and Money Had and Received***

In Points II and III, Appellants contend the court erred in finding that they failed to state claims for unjust enrichment and money had and received. To state a claim for unjust enrichment, the petition must set forth facts demonstrating: "'(1) that the defendant was enriched by the receipt of a benefit; (2) that the enrichment was at the expense of the plaintiff; (3) that it would be unjust to allow the defendant to retain the benefit.'" *Damon v. City of Kansas City*, 419 S.W.3d 162, 192 (Mo. App. 2013) (citation omitted). Similarly, to state a claim for money had and received, the petition must set forth facts demonstrating: "(1) the defendant received or obtained possession of the plaintiff's money; (2) the defendant thereby appreciated a benefit; and (3) the defendant's acceptance and retention of the money was unjust." *Pitman v. City of Columbia*, 309 S.W.3d 395, 402 (Mo. App. 2010).

In their petition, Appellants alleged that each of them conferred a benefit upon the Cities by paying a purportedly unauthorized fee; that the unauthorized fees were assessed and collected unlawfully; that the Cities knew or had reason to know that the fees were unauthorized and unlawful; and that it would be unjust to allow the Cities to retain the unauthorized fees. Appellants did not allege, however, to which one of the thirteen Cities each of the four of them paid an unauthorized fee and which of the thirteen Cities was enriched by or appreciated the benefit of the payment of those four unauthorized fees.

8

In their reply brief, Appellants argue that, if the Cities wanted Appellants to identify the municipalities to whom they each paid a fee, the Cities should have moved for a more definite statement under Rule 55.27(d). We disagree. "'While Missouri is a fact-pleading state, . . . a motion for a more definite statement inherently concedes a cause of action and a motion to dismiss is a more appropriate vehicle in contesting the sufficiency of a petition.'" *Int'l Div., Inc. v. DeWitt & Assocs., Inc.*, 425 S.W.3d 225, 232 n.10 (Mo. App. 2014) (citation omitted). The identity of the Cities that received and appreciated a benefit at Appellants' expense and the identity of the Cities that unjustly retained such benefits were ultimate facts necessary to support essential elements of both the unjust enrichment claim and the claim for money had and received. In their motion to dismiss, the Cities were contesting the sufficiency of Appellants' petition to state claims of unjust enrichment and money had and received and not simply the definiteness or particularity with which Appellants pled those claims. *Id*. at 232. Thus, Rule 55.27(d) was not applicable.

Appellants also argue in their reply brief that they were not required to specify to which of the Cities each of them paid a fee because it was sufficient for them to simply allege that fees paid by members of the putative class were collected and retained by one or more of the Cities. They cite *Mitchell v. Residential Funding Corp.*, 334 S.W.3d 477 (Mo. App. 2010), in support of this claim. In *Mitchell*, the named plaintiffs filed a class action suit against the current holder of their loan and other assignees of the loan originator. *Id*. at 488. On

appeal, the defendants challenged the named plaintiffs' standing to assert claims on behalf of the class against other assignees of the loan originator who had never held the named plaintiffs' loan. *Id*.

In finding that the named plaintiffs had standing to assert claims against other assignees, this court found that class certification was antecedent to the standing issue, and that, once a class is properly certified, standing must be assessed "'with reference to the class as a whole, not simply with reference to the individual named plaintiffs.'" *Id*. at 490 (citation omitted). Appellants seize upon this language from *Mitchell* to argue that, because the class in this case has yet to be certified, their allegations that they and the putative class paid a fee to one or more of the Cities and that one or more of the Cities retained those fees was sufficient to survive a motion to dismiss.

The distinction between this case and *Mitchell*, however, is that in *Mitchell*, the injuries of the named plaintiffs and the class were traceable to a single loan originator. Indeed, this court even noted that, "[k]ey to our finding is that this suit relied on common, essential factual and legal determinations as to the loan originator MCR, its lending practices in Missouri, and the liability of its assignees." *Id*. The court in *Mitchell* found that this was "not a case of the named representatives seeking to 'piggyback' on the injuries of the class," as "[t]he named plaintiffs must be able to assert an injury in fact in the suit against the originator." *Id*. In our case, no common link between the Cities appears from the petition, and Appellants have not asserted a traceable injury in fact against any specific City.

Appellants have not met the threshold requirement of stating a claim to even reach the issue of class certification.  Because Appellants did not sufficiently plead their claims for unjust enrichment and money had and received, the court properly dismissed these claims.  Points II and III are denied.[5]

**CONCLUSION**

The judgment is affirmed.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

---

[5] Because we find that the court properly dismissed Appellants' claims for declaratory judgment, unjust enrichment, and money had and received, we need not address Appellants' claims in Points IV and V that the court erred in dismissing those claims on the bases of the affirmative defenses of waiver and estoppel.