

# In the
# Missouri Court of Appeals
# Western District

TRUMAN MEDICAL CENTERS, INC.,

               **Appellant,**

v.

JOHN E. MCKAY,

               **Respondent.**

**WD79663**

**OPINION FILED:**

**DECEMBER 20, 2016**

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Robert L. Trout, Judge**

**Before Division Two: Lisa White Hardwick, PJ,  Gary D. Witt, Anthony Rex Gabbert, JJ**

Truman Medical Center, Inc. (Truman Medical) appeals the circuit court's judgment dismissing its Petition against John McKay which alleged that McKay made payments to Stephanie Jo Middleton as compensation for an injury without first paying Truman Medical for services rendered to Middleton pursuant to Section 430.250.[1]  The court dismissed the petition on the grounds that, pursuant to Section 430.240, Truman Medical's lien notice was ineffective because the name of the person liable to the injured party was not provided in the lien notice and because medical liens do not apply to the injured party's attorney.  We affirm.

---

[1]All statutory references are to the Revised Statutes of Missouri 2000 unless otherwise noted.

Middleton was injured on March 12, 2014, in an automobile accident when Mallory Simmons failed to stop for a stop sign. Simmons carried liability insurance through State Farm Mutual Automobile Insurance Company (State Farm). Truman Medical treated Middleton for injuries resulting from the automobile accident and furnished medical services to Middleton in the amount of $2,673.69. Middleton had a personal injury claim against State Farm arising out of the accident and McKay represented Middleton as her attorney. A lien notice was sent by Truman Medical to State Farm containing Middleton's name and address, the date of the accident, and Truman Medical's name and location. At the time the lien notice was sent to State Farm, Truman Medical was unaware that Simmons was the person whose vehicle had collided with Middleton's. The notice stated that the "name of the person or persons, firm or firms, corporation or corporations alleged to be liable to Stephanie Jo Middleton for the injuries received is unknown."

Prior to a settlement being reached, Truman Medical corresponded with both State Farm and McKay regarding the lien and the claimed lien amount; never during these communications did State Farm or McKay assert that the lien notice was defective. On April 21, 2015, State Farm contacted Truman Medical requesting a final lien amount and copies of additional bills. On April 22, 2015, Truman Medical sent a letter to both State Farm and McKay regarding the lien amount. On or about May 20, 2015, State Farm settled with Middleton through her attorney, McKay. At that time State farm reminded McKay of Truman Medical's lien, but McKay requested that State Farm forego paying the lien because McKay believed that the lien did not meet all of the essential elements required for it to be enforceable. State Farm issued payment as compensation for Middleton's injuries without paying Truman Medical's lien. McKay forwarded settlement funds to Middleton.

2

On February 11, 2016, Truman Medical filed suit against both State Farm and McKay alleging that both parties were liable to Truman Medical for failing to honor the hospital lien that they had actual notice of but chose to ignore. At the time of this lawsuit filing, Truman Medical was still unsure of the name of the person who directly caused Middleton's injuries. On March 17, 2016, McKay moved to dismiss Truman Medical's petition on the grounds that Truman Medical had failed to state a claim upon which relief could be granted because Truman Medical admitted in the petition that the name of the person liable to Middleton was not provided in the lien notice as required by Section 430.240, thereby making the lien ineffective, and because medical liens do not apply to attorneys for the injured party. Prior to the court ruling on McKay's motion, a stipulation of dismissal was filed, dismissing with prejudice Truman Medical's claims against State Farm. Truman Medical's claims against McKay remained.

On March 30, 2016, the court agreed with both of the grounds asserted by McKay for dismissal and granted McKay's motion. Truman Medical appeals.

We review the trial court's grant of a motion to dismiss de novo. *Metropolitan St. Louis Sewer District v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 915 (Mo. banc 2016). We view the facts contained in the petition as true and in the light most favorable to the plaintiff. *Id.* If the petition contains any facts that, if proven, would entitle the plaintiff to relief, then the petition states a claim. *Id.* To state a claim, a petition must invoke substantive principles of law entitling the plaintiff to relief. *McIlvoy v. Sharp*, 485 S.W.3d 367, 372 (Mo. App. 2016). We must affirm the trial court's ruling if the motion to dismiss could have been sustained on any of the grounds raised in the motion regardless of whether the trial court ruled on that ground. *Id.*

Truman Medical contends on appeal that the circuit court erred in dismissing Truman Medical's petition on the grounds that the lien was ineffective, as well as on the grounds that

3

medical liens do not apply to attorneys for the injured party. We address Truman Medical's

second point alleging court error in its finding the medical lien enforcement statutes inapplicable

to McKay as this issue is dispositive.

Section 430.230 provides, in relevant part:

> Every public hospital or clinic, and every privately maintained hospital, clinic or other institution for the care of the sick, which is supported in whole or in part by charity, located within the state of Missouri . . . shall have a lien upon any and all claims, counterclaims, demands, suits, or rights of action of any person admitted to any hospital, clinic or other institution and receiving treatment, care or maintenance therein for any cause including any personal injury sustained by such person as the result of the negligence or wrongful act of another, which such injured person may have, assert or maintain against the person or persons causing such injury for damages on account of such injury, for the cost of such service, computed at reasonable rates not to exceed twenty-five dollars per day and the reasonable cost of necessary X-ray, laboratory, operating room and medication service, as such hospital, clinic, or other institution shall render such injured person on account of his conditions . . . .

Section 430.240 states:

> No such lien shall be effective, however, unless a written notice containing the name and address of the injured person, the date of the accident, the name and location of the hospital and the name of the person or persons, firm or firms, corporation or corporations alleged to be liable to the injured party for the injuries received shall be sent by certified mail with return receipt requested to the person or persons, firm or firms, corporation or corporations, if known, alleged to be liable to the injured party, if known, for the injuries sustained prior to the payment of any moneys to such injured person, his attorneys or legal representative, as compensation for such injuries. Such hospital shall send by certified mail with return receipt requested a copy of such notice to any insurance carrier, if known, which has insured such person, firm or corporation against such liability.

Section 430.250 provides:

> Any person or persons, firm or firms, corporation or corporations, including an insurance carrier, making any payment to such patient or to his attorneys or heirs or legal representatives as compensation for the injury sustained, after the receipt of such notice in accordance with the requirements of section 430.240, without paying to such hospital the amount of its lien . . . shall

4

have a period of one year, after such settlement is made known to the hospital, from the date of payment to such patient or his heirs, attorneys or legal representatives, as aforesaid, be and remain liable to such hospital for the amount which such hospital was entitled to receive, as aforesaid, and any such association, corporation or other institution maintaining such hospital may, within such period, enforce its lien by a suit at law against such person or persons, firm or firms, corporation or corporations making any such payment.

With regard to Section 430.250's applicability to attorneys representing the injured patient, Truman Medical argues that, because we are to view the petition's allegations as true and because the petition's allegations track the language of Section 430.250 exactly, the petition states a claim and should not have been dismissed. Truman Medical argues that Section 430.250 states that "any person" who makes a payment to a patient as compensation for an injury, after the receipt of a notice of hospital lien, without paying the lien, is liable to a healthcare provider. Truman Medical contends that, because McKay made payment to Middleton as compensation for her injury after receiving notice of the hospital lien and without paying the lien, McKay is liable to Truman Medical under Section 430.250. Truman Medical asserts that Section 430.250 allows a lawsuit against nearly all possible defendants envisioned by the Missouri Rules of Civil Procedure, and encompasses McKay because McKay is a "person" who made a payment to a patient as compensation for the injury sustained after receipt of the lien notice.

We review questions of statutory interpretation *de novo*. *Ivie v. Smith*, 439 S.W.3d 189, 202 (Mo. banc 2014). Our primary rule of statutory interpretation is to give effect to the legislative intent as reflected in the plain language of the statute at issue. *Id.* We will look beyond the plain meaning of the statute only when the language is ambiguous or would lead to an absurd or illogical result. *Bateman v. Rinehart*, 391 S.W.3d 441, 446 (Mo. banc 2013).

A statute is ambiguous when its plain language does not answer the current dispute as to its meaning. Ambiguities in statutes are resolved by

5

determining the intent of the legislature and by giving effect to its intent if possible. When determining the legislative intent of a statute, no portion of the statute is read in isolation, but rather the portions are read in context to harmonize all of the statute's provisions. Rules of statutory construction are used to resolve any ambiguities if the legislative intent is undeterminable from the plain meaning of the statutory language.

*BASF Corp. v. Dir. of Revenue*, 392 S.W.3d 438, 444 (Mo. banc 2012) (internal quotation marks and citations omitted).

We disagree that Section 430.250 encompasses attorneys who accept payment on behalf of their injured client and then forward that payment to the client. We find that, while Section 430.250 uses the terminology "any person," Section 430.250 requires that for liability to attach, notice of the claimed lien must have been received pursuant to Section 430.240. Section 430.240 requires notice be sent to the "person or persons, firm or firms, corporation or corporations alleged to be liable to the injured party for the injuries received." Therefore, "any person" in Section 430.250 is limited to the "person or persons, firm or firms, corporation or corporations alleged to be liable to the injured party for the injuries received." An attorney representing an injured client is not liable to that injured client for the injuries sustained as a result of someone else's negligence.

Further, liability for failure to pay a hospital lien under Section 430.250 is triggered when a notified "person or persons, firm or firms, corporation or corporations alleged to be liable to the injured party for the injuries received" makes payment "as compensation for the injury sustained" without honoring the lien. Truman Medical asserted in its petition that McKay made payment to Middleton "as compensation" for her injuries. We disagree. An attorney representing an injured client does not personally compensate the injured client but, rather, receives compensation on behalf of his or her client. The attorney's subsequent transfer of that

6

compensation to its rightful owner cannot be deemed a separate act of making payment "as compensation for the injury sustained."[2]

We conclude that, because an attorney for the injured person is neither liable to the injured person for the injuries sustained, nor personally compensating the client when forwarding settlement payments, Section 430.250 is inapplicable to attorneys representing an injured client. Truman Medical's petition was, therefore, properly dismissed on those grounds as its claims against McKay failed to state a claim upon which relief could be granted.[3] We affirm the circuit court's judgment.

_____

Anthony Rex Gabbert, Judge

All concur.

_____

[2]We note that, while Truman Medical's petition tracks the language of Section 430.250, the petition identifies McKay as an attorney working on the injured person's behalf to obtain compensation for his client. Section 430.250 requires that Section 430.240 notice be given in order for a hospital lien to be effective against a party. The petition states that on April 2, 2014, a lien notice was sent to State Farm pursuant to Section 430.240. With regard to McKay, the petition states that on January 28, 2015, Truman Medical sent a letter to McKay alerting him to the existence of the hospital lien, and a reminder letter on April 22, 2015. This is not proper Section 430.240 notice and the petition does not allege that Section 430.240 notice was provided to McKay; the petition alleges that McKay "received actual notice of the hospital lien."

[3]Truman Medical's second point on appeal is denied. As this point is dispositive, we need not address Truman Medical's contention in its first point that the court erred in finding Truman Medical's lien ineffective.

7